■ In the Matter of IRVING WOLFSON et al., as Tenants' Committee of 336 Central Park West, New York, New York, Respondents-Appellants, v. ROBERT E. HERMAN, as Acting State Rent Administrator, Appellant-Respondent.— Order, entered on June 27, 1960, modifying the determination of the State Rent Administrator, affirmed on the law and on the facts, without costs. It is true that, where an order of the Local Rent Administrator denying the application of a landlord for a rent increase is later determined on protest or by the court to be erroneous and the rent increase granted, the effective date of the increase is to be calculated as if it had been directed by the first order of the Local Rent Administrator. (See *Matter of Halperin* v. *Caputa*, 10 A D 2d 286, affd. 8 N Y 2d 916; *Matter of Neulist* v. *Weaver*, 2 A D 2d 530, affd. 2 N Y 2d 889.) In the case at bar, however, it appears that the order of the Local Rent Administrator of May 15, 1958, denying the increase was proper upon the record before it. Thereupon, the landlord protested and requested that the matter be considered *de novo* by the State Rent Administrator. There was submitted to the latter by the landlord additional data and material with reference to the repairs and maintenance, and a reaudit was made. Thereupon, the State Rent Administrator by its order filed October 14, 1958, and on basis of its reaudit, found "that further increases in rents are warranted if the landlord is maintaining essential services." This order should not be related back to the time of the order of the Local Rent Administrator because this was not a setting aside of such order for error on the part of the Local Rent Administrator. The landlord did not establish its right to the rent increase until the time of the consideration of the matter by the State Rent Administrator. Therefore, in our opinion the court below properly calculated retroactivity of the rent increase as of the date of the State Rent Administrator's order rather than as of the date of the Local Rent Administrator's first order. (Emergency Housing Rent Control Law, § 4, subd. 6; L. 1946, ch. 274, as amd.) The State Rent Administrator by its order of October 14, 1958, remanded the matter to the Local Rent Administrator for further proceedings in light of his determination that orders for increases should issue if the landlord is maintaining services. The Local Rent Administrator did find, on May 8, 1959, that the landlord was entitled to the rent increases and rendered orders therefor "effective December 24, 1957". Implicit in such determination was a finding as to compliance with the statutory requirement of the maintenance of essential services. (See *Matter of Halperin* v. *Caputa, supra*, p. 288.) The tenants protested the orders of the Local Rent Administrator of May 8, 1959. On the protest the State Rent Administrator reviewed the question of whether or not the landlord was furnishing essential services. He denied the protests and in his opinion specifically found "on the basis of the entire evidence of record * * * that the landlord is maintain-

ing all essential services and therefore is entitled to the maximum rents ". The written decision of the State Rent Administrator indicates that he went thoroughly into the question of whether or not essential services were being maintained. While there is no specific finding by him that the essential services were being rendered as of any date prior to his determination, there is implicit from his decision as a whole, a finding that these services were being rendered from the time fixed for the effective date approved by him for the increase; and it is to be noted that such date antedates the date of April 14, 1958 now established as the effective date for the increase. Concur — Stevens, Eager and Steuer, JJ.; McNally and Bastow, JJ., dissent and vote to reverse in the following memorandum by McNally, J.: The order dated June 27, 1960, modifying the determination of the State Rent Administrator to the extent of changing the effective date of the rent increases thereby provided, should be reversed, on the law and on the facts, and the matter remanded to the State Rent Administrator for reconsideration and proceedings not inconsistent herewith. Statutory retroactivity is limited to the selection of the lesser period resulting from the application of the date two months after the filing of the application or the date six months prior to the original determination of the Local Rent Administrator. (*Matter of Halperin* v. *Caputa*, 10 A D 2d 286, affd. 8 N Y 2d 916.) Whether or not retroactivity is indicated depends on the finding, not disclosed by this record, of the maintenance of or the failure to maintain essential services on May 15, 1958, the date of issuance of the original determination of the Local Rent Administrator. It is in the discretion of the State Rent Administrator to deny retroactivity in a case where services are seriously deficient. (*Matter of Ackerman* v. *Weaver*, 6 N Y 2d 283, 287; *Matter of Halperin* v. *Caputa, supra,* p. 290.)