Bergan, J.
Plaintiff is a subtenant in possession of the entire rented premises and for the full term of lease of a rent-controlled apartment in a building which is being converted into a co-operative. The action is against the owners and managers of the building to require that the stock in the co-operative corporation *117 allocated to the apartment be offered for sale to her. The Appellate Division, by a divided court, has affirmed a judgment for defendants.
The right of plaintiff to buy the stock' allocated to the apartment which she occupies depends on a construction of the Rent, Eviction and Rehabilitation Regulations promulgated under the New York City Rent and Rehabilitation Law (Administrative Code of City of New York, ch. 51, tit. Y).
Both the Administrative Code (§ Y 51-3.0, subd. m) and the Regulations (§ 2, subd. o) embrace within the definition of a “ tenant ” both a “ subtenant ” and a “ sublessee ” and, more broadly, any person “ entitled to the possession or to the use or occupancy of any housing accommodation ”.
Section 55 (subd. c, par. [3]) of the Regulations, dealing specifically with rights arising from the implementation of co-operative plans, requires that “each tenant in occupancy” in the premises shall be furnished with a copy of the co-operative plan and notified that he has ‘ ‘ the exclusive right ’ ’ during the time specified ‘‘ to purchase the stock allocated to his housing accommodation at the specified price ” with certain consistent rights when the co-operative plan is declared effective.
The named tenant in the lease with the owner of the apartment occupied by plaintiff was William Henderson. For some time prior to the execution, on February 6,1968, of the two-year lease which ran during the time here in issue, plaintiff had occupied the premises as a subtenant of Henderson. After the execution of the lease of February 6,1968, plaintiff continued in the premises for the entire period, beginning to end, of the term of the lease. It was during this period that the co-operative plan was promulgated.
The lease expressly provided that the landlord will ‘ ‘ grant permission for the sublet of the apartment for the duration of this lease only” to plaintiff. Plaintiff regularly paid the rent reserved in the lease to the owner; the owner accepted the rent from plaintiff during its term.
It is not open to dispute, therefore, that plaintiff was for the entire period of the lease the ‘‘tenant in occupancy ’ ’ of the apartment literally within section 55 (subd. c, par. [3]) of the Regulations. That she was nominally a subtenant or sublessee of Henderson does not remove her from the protective scope of *118 the clause ‘‘tenant in occupancy”, since the word “tenant”, as used both in the Regulations and in the statute pursuant to which the Regulations were adopted, is defined as including both ‘ ‘ subtenant ’ ’ and ‘ ‘ sublessee ’
Conversely, Henderson was not a ‘'tenant in occupancy ”, since it is conceded that he did not occupy the premises at any time during the entire period of the lease or for some time before.
Indeed the clause in the lease authorizing Henderson to sublet to plaintiff “ for the duration of this lease only ” indicates the intention of the landlord to treat plaintiff as the occupant and ‘ ‘ tenant'’ ’ in the sense the statute and Regulations use that term. Her status in this respect is confirmed by the fact that by the payment and acceptance of rent, as well as occupancy for the total lease period, she was in practice treated by the landlord as a tenant.
It was for the protection of just such an occupant of rent-controlled accommodations that section 55 (subd. e, par. [3]) was promulgated. Plaintiff was not a stranger to the premises or an interloper. She was there for the entire term; she was recognized by the landlord in all the usual relations of tenant; she, rather than Henderson, had the right of occupancy, and she, rather than Henderson, was the ‘‘tenant in occupancy’’.
. That other kinds of casual occupation, or other kinds of relationships with landlords, might not result in a right to buy co-operative stock is not an answer to the precise problem presented by the facts of this case.
• It may well be, as plaintiff argues, that in view of the subletting for the entire period of the lease, expressly approved by the landlord for that period, an assignment of the lease has been effected by operation of law if the lessee has by sublease parted with his entire interest in the demised premises without right of reversion (New Amsterdam Cas. Co. v. National Union Fire Ins. Co., 266 N. Y. 254; Mann v. Munch Brewery, 225 N. Y. 189; Stewart v. Long Is. R. R. Co., 102 N. Y. 601; Woodhull v. Rosenthal, 61 N. Y. 382).
The lease between Henderson and the owner expressly prohibited the assignment of the lease without the landlord’s consent; but its consent to a sublease during the entire period, a subject dealt with in the same paragraph of the lease, may *119 have had the legal effect of an assignment notwithstanding the general prohibition on assignment without express consent. The resolution of this issue might require a trial, but since it is determined plaintiff is a tenant in occupancy it is unnecessary to reach the question whether she is also an assignee of the lease.
The order should be reversed, with costs, and the motion for summary judgment denied.
Chief Judge Fuld and Judges Jasen and Gibson concur with Judge Bergan; Judges Burke, Scileppi and Breitel dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed, with costs, .and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.