OPINION OF THE COURT
Alfred M. Ascione, J.
In an action for declaratory judgment and an injunction, plaintiff’s motion for a default judgment is permitted to be *343 withdrawn, the defendant having served his answer. Both plaintiff and defendant move for summary judgment.
Plaintiff has been the lessee of Apartment No. 14 at 55 East End Avenue since 1964 and signed a three-year renewal lease on August 25, 1978. Plaintiff’s niece, Meryl Zalkin, has occupied the apartment together with her husband since August, 1978, while plaintiff’s sister, Frieda Green (Meryl’s mother), paid the rent directly to the landlord from May, 1976 until August, 1979.
Plaintiff has been employed in California since August, 1978, as an "Executive Producer-Writer for Paramount Pictures”. She asserts that she is "temporarily resid(ing)” in California, and that "New York is my primary residence”. Her tender on October 10, 1979 of a signed subscription agreement and of 1% of the purchase price of the shares allocated to her apartment were rejected by defendant, who is the selling agent under an offering plan to convert the building to co-operative ownership, which plan was accepted for filing by the Attorney-General on August 13, 1979. Previously, the defendant had been the owner of the building since June, 1978, and prior to the co-operative conversion.
The opposing applications for summary judgment are granted to the extent of declaring that plaintiff is entitled to purchase the shares of stock allocated to her apartment 14F, and enjoining defendant from offering the shares to any other purchaser.
Defendant’s objection to accepting plaintiff’s tender on the ground that her residence in California since August, 1978, renders her ineligible to purchase the shares is untenable. In the first place, even assuming that the restrictive language in the offering plan, which limits the offer to "residents in the State of New York”, was enforceable, it is questionable whether it would disqualify plaintiff from purchasing the disputed shares. In addition, no statute authorizes such a discriminatory restriction on the purchase of co-operative apartments.
Equally misplaced is defendant’s reliance on subdivision (e) of section 54 of the Code of Rent Stabilization Association of New York City, which permits a landlord to refuse to renew the lease of tenants who are not using an apartment as their primary residence. This provision clearly does not apply to the facts at bar. At issue is not plaintiff’s right to renew her lease, but whether defendant must sell to her the recently converted *344 co-operative apartment. The applicable provision of the code is, rather, found in subdivision 5 of section 61, which statute deals with "Converting to a cooperative or condominium form of ownership”. Subdivision 5 of section 61 provides as follows: "This Section 61 shall only apply to tenants in occupancy and lessees of record of vacant or subleased apartments at the time of the offering”. Plaintiff clearly qualifies under this provision to purchase the subject shares.
Defendant’s argument that plaintiff is not a proper "lessee of record” under subdivision (e) of section 54 absent the written consent of the landlord to the subletting to plaintiff’s niece, required under the August, 1978 lease, is not well taken. Since plaintiff would have qualified under the express language of subdivision 5 of section 61 to purchase the shares if she had allowed the apartment to remain vacant while she was in California, under no reasonable construction of the statute can plaintiff be held ineligible because the landlord’s consent was not obtained to the informal sublease arrangement with her niece. If the defendant, in his former capacity as landlord of the building, objected to any subletting without consent, he was at full liberty to take appropriate steps to evict plaintiff on this ground. Having elected not to proceed in this manner, with knowledge that plaintiff was subletting, prior to the conversion of the building to co-operative status in August, 1979, defendant may not now avail himself of the plaintiff’s failure to secure his consent so as to prevent her from becoming a tenant co-operator.
Settle order, declaring the rights of the parties.