■ ESPERANZA-CRUZ DE VASCONCELOS, Respondent, v BERKLEY ASSOCIATES et al., Appellants. — Judgment, Supreme Court, New York County, entered March 27, 1980, which, *inter alia,* granted plaintiff summary judgment on the first and second causes of action, modified, on the law, without costs or disbursements, to grant defendant's cross motion to the extent of dismissing the third cause of action, to deny plaintiff summary judgment on the first and second causes of action, to grant plaintiff's motion to the extent of preliminarily enjoining defendants from offering the shares to other purchasers and from commencing dispossess proceedings against plaintiff and, except, as thus modified, affirmed. The May 11, 1979 order of decontrol upholding the landlord's protest and reached after a *de novo* review, is not entitled to retroactive effect. *(Matter of Wolfson v Herman,* 13 AD2d 636.) Thus, on the crucial date, January 2, 1979, the date of presentation of the offering plan for co-operative conversion, the apartment was subject to rent control, even though the application for decontrol had been filed approximately one year earlier. However, inasmuch as the offering was extended only to *"bona fide"* residential tenant occupants of a rent-controlled or rent-stabilized apartment, an issue of fact is presented as to whether plaintiff, apparently a resident of Mexico, was at the date of the presentation of the plan a bona fide occupant of her apartment. The offering itself is silent as to the definition of a bona fide residential tenant occupant. Since, according to the offering, the date of presentation is the determinative date for tenant eligibility to purchase, plaintiff may not claim

status as the occupant of a rent-stabilized apartment and the third cause of action alleging such status, should have been dismissed. The second cause of action alleging harassment in violation of subdivision b of section 61 of the Rent and Eviction Regulations of the Housing and Development Administration and subdivision d of section Y51-10.0 of the Administrative Code of City of New York should stand as the basis for an injunction, *pendente lite,* enjoining defendants from any proceeding to evict her. (A 30-day notice of termination of tenancy was served upon plaintiff after the landlord had received the order decontrolling the apartment.) Similarly, plaintiff's fourth cause of action seeking the benefit of the protection of subdivision 2 of section 352-eeee of the General Business Law remains viable. Despite the district rent director's May 11, 1979, finding that plaintiff did not occupy the apartment in question as her primary residence, it is clear that his determination considered conditions as they existed only until April 13, 1978. Moreover, he found that plaintiff had offered a reasonable explanation that her absence from the apartment for the year 1977 was due to illness for which she was receiving medical care in Mexico. The determination does not account for plaintiff's use of the apartment from April 13, 1978 until January 2, 1979. The protection of subdivision 2 of section 352-eeee of the General Business Law runs to eligible senior citizens who, *inter alia,* have resided in the apartment as their primary residence for at least two years prior to the Attorney-General's acceptance of the plan for filing. Concur — Fein, J. P., Sandler, Sullivan, Lupiano and Silverman, JJ.