OPINION OF THE COURT
Arnold Guy Fraiman, J.
This is a motion for summary judgment by plaintiff tenant directing defendant, sponsor of a co-operative plan, to accept plaintiff’s tender of the purchase price for shares of stock allocated to an apartment occupied by plaintiff in the premises at 10 West 66th Street in Manhattan. Defendant cross-moves for summary judgment dismissing the complaint. From the foregoing, it would appear that this is yet another typical case in the rapidly proliferating field of litigation involving co-operative apartments. However, what makes it atypical is that plaintiff tenant is Consolidated Edison Company of New York, Inc. (Con Ed) and it is the corporate identity of plaintiff which is at the essence of this litigation. 10 West 66th Street is a luxury, multistoried apartment building in which Con Ed has maintained an apartment for the use and convenience of its directors, officers and guests since 1970. The building is rent stabilized and Con Ed is a rent-stabilized tenant. In 1979, defendant as the owner of the premises, filed a preliminary offering plan (the Plan) to convert the premises to co *1000 operative ownership, and in May, 1980 the Plan was accepted by the Attorney-General, and presented to the tenants, including Con Ed. The Plan provided that the offering was being made only to individuals and not corporations or their nominees. Con Ed timely submitted, through a nominee, its tender of the subscription price for the shares of stock for the apartment it occupied. On the basis of the aforesaid restriction in the Plan, defendant rejected plaintiff’s tender. Con Ed then commenced the instant action to compel defendant to sell the apartment to it.
While conceding that the Plan limits the sale of apartments to individuals, Con Ed contends that such provision is unenforceable because it contravenes section 61 of the Code of the Real Estate Industry Stabilization Association of New York City, Inc. (Code). That section sets forth the requirements which must be met by an owner who seeks to convert a building subject to rent stabilization to co-operative ownership. The Plan in the instant case specifically states that it is presented pursuant to section 61. An examination of the pertinent provisions of that section discloses that Con Ed’s contention is correct.
Section 61 (subd 4, par [b]) provides that, “[a] tenant in occupancy at the time of the offering [of the Plan to the tenants in occupancy] shall have the exclusive right to purchase his apartment or the shares allocated thereto”. Con Ed was clearly a rent-stabilized tenant in occupancy at the time of the offering. It has been the tenant of record of the apartment since 1970, and had entered into its most recent lease with defendant in 1979 for a period of three years. That lease identifies Con Ed as a rent-stabilized tenant, and the Plan itself declares that every apartment in the building is subject to the Rent Stabilization Law (Administrative Code of City of New York, ch YY51). Further, the phrase “tenant in occupancy” as used in the rent laws, includes corporate as well as individual tenants. New York City’s rent control law defines “ ‘[t]enant’ ” as, “[a] tenant, subtenant, lessee, sublessee, or other person entitled to the possession or to the use or occupancy of any housing accommodation.” (Administrative Code, § Y513.0, subd m; emphasis added.) “‘Person’”, in turn, is defined as, “[a]n individual, corporation, partnership!, asso *1001 ciation, or any other organized group of individuals or the legal successor or representative of any of the foregoing.” (Administrative Code, § Y51-3.0, subd hr.) Accordingly, section 61 (subd 4, par [b]) of the Code is applicable to corporate tenants such as Con Ed as well as to individuals, so long as they are tenants in occupancy. To the extent that the Plan is inconsistent with section 61, the provisions of the latter are determinative. Con Ed’s statutory rights under section 61 cannot be altered or abrogated by the Plan. (After Six v 201 East 66th St. Assoc., 87 AD2d 153 [dissenting opn].) Inasmuch as Con Ed, as a tenant in occupancy, timely submitted its tender, defendant was obligated to accept it, and its motion for summary judgment is therefore granted.