■ STEVEN C. BURNS, Respondent, v 500 EAST 83RD STREET CORP. et al., Respondents, and SYDELLE BURNS, Appellant. — Judgment, Supreme Court, New York County (Greenfield, J.), entered on May 20, 1982, affirmed, on the opinion of Greenfield, J., at Trial Term, without costs and without disbursements. Concur — Sandler, Sullivan and Carro, JJ.

Kupferman, J. P., dissents in a memorandum as follows: This case presents a troublesome aspect of the law that has developed with respect to the right to purchase co-operative shares in a conversion offering plan. The over-all problem has been delineated in cases like *Cooper v 140 East Assoc.* (27 NY2d 115); *Ian v Wassberg* (79 AD2d 919); and *Thuna v Di Sanza* (102 Misc 2d 342, affd without opn 78 AD2d 517). However, in this situation we have a matrimonial differentiation which leads me to conclude that we cannot simply apply a technical analysis. The reasoned opinion of the court at Trial Term, where the other aspects of the matrimonial conflict are still pending, sets forth the facts. In dispute is the right to purchase the shares of stock allocated to an apartment in a co-operative corporation at 500 East 83rd Street, with the presumed economic windfall that will accrue to the purchaser on subsequent sale. The husband at all times has been the only signatory to the lease for the apartment. The parties were married in 1963 and moved into the subject apartment in 1972 where they lived with their three children. In 1978, the plaintiff husband left and eventually moved to California. The appellant wife commenced an action for divorce, temporary alimony, custody and child support and exclusive possession of the marital residence. The husband's position was that he was paying the rent for the apartment and would continue to do so until the termination of the lease on July 30, 1978, at which time "more reasonable quarters shall be provided." In a decision with respect thereto, Justice Blyn denied as moot the wife's application for exclusive possession of the apartment as it appeared that the defendant (the plaintiff husband here) had vacated and had no intention of returning, although the husband was ordered to continue to pay the rent. The husband renewed the lease in his name, although the wife contends he did this without consulting her. On December 1, 1978, a co-operative conversion plan was offered to the tenants, which plan was declared effective in March, 1979. The offering price was $79,910, and it is conceded, as Trial Term found, that in the open market the

price is and was substantially in excess thereof. It appears that the apartment is the principal asset of the marriage. Both plaintiff husband and appellant wife attempted to subscribe for the apartment, and this action followed in which plaintiff husband sought a declaration of his rights vis-à-vis appellant wife. It is clear that the lease is in the plaintiff's name, that he has the obligation to support his family and provide shelter, which currently is the subject apartment, and that he has not actually lived in the apartment since 1978. The wife cannot reasonably manage to maintain this residence unless she obtains the support from her husband, which, subject to conclusions in the matrimonial action, seems to be beyond his current means.

While the law on equitable distribution, which became effective July 19, 1980 (Domestic Relations Law, § 236), does not apply to this matter, it must be deemed to have some impact on the approach here (cf. Foster and Freed, Family Law, 33 Syracuse L Rev 285, 328). A technical tenancy should not determine the disposition of the only real asset of the marriage. I would modify to declare that the husband holds the property in trust for himself and his wife as tenants in common, subject to a determination in the matrimonial action.