OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, without costs.
At issue is who, between a husband, who alone signed the lease and pays the rent but does not reside in the apartment, and a wife, who is not a signatory of the lease and resides in the apartment pursuant to the provision of the lease permitting occupancy “only by Tenant and the members of the immediate family of Tenant,” is entitled under the Rent Stabilization Law (Administrative Code of City of New York, § YY51-6.0, subd c, former par [9], cl [b]) to purchase the shares allocated to the apartment under the plan for conversion to co-operative ownership. Under subdivision 5 of section 61 of the Code of the Rent Stabilization Association of New York City, Inc., that right belongs to “tenants in occupancy and lessees of record of vacant or subleased apartments at the time of the offering.”
*786 We agree with the courts below that plaintiff husband as the signer of the lease is the tepant and that occupancy by his wife and children as permitted by the lease is occupancy by the tenant-husband even though he is not, himself, physically present. That conclusion is consistent with the code provision protecting the right of a lessee of record to purchase even though he has subleased and his sublessee is in actual possession, for the position of the wife is essentially no different as respects her husband than that of a subtenant as respects the lessee of record.
Neither Cooper v 140 East Assoc. (27 NY2d 115) nor Ian v Wassberg (55 NY2d 706) is to the contrary. Cooper concerned rent-controlled premises the right to purchase which was governed by regulations defining “tenant” to include a “subtenant” and “sublessee” (27 NY2d, at p 118) and Wassberg was at pains to make clear that the “paramount right to occupy” arose “under the circumstances of this case” — that is, where the person in occupancy had been put in possession by the landlord in violation of the rights of a prior lessee.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order affirmed, without costs, in a memorandum.