■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, v 10 WEST 66TH STREET CORPORATION et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Fraiman, J.) (114 Misc 2d 999), entered July 20, 1982, granting plaintiff's motion for summary judgment and denying defendants' cross motion for the same relief reversed, on the law, with costs, the plaintiff's motion denied and defendants' cross motion for summary judgment granted. Consolidated Edison Company of New York (Con Ed) has been a rent-stabilized tenant in premises 10 West 66th Street since 1970. The apartment has been used for the convenience of Con Ed's directors, officers, guests, invitees and licensees. In the latter part of 1979, Park Ten Associates, the then owner of the premises, submitted a plan for conversion of the premises to co-operative ownership to the Attorney-General. The plan, which was approved by the Attorney-General in or about May, 1980, expressly provided that the "offering of shares of the Apartment Corporation is made only to individuals, resident in the State of New York, over the age of 18 years, for such individual's own account and his personal occupancy of the apartment, and not as nominee for any other individual or firm, partnership, corporation, joint venture or other entity". Purportedly, this provision was included to insure that tax benefits accruing to purchasers of apartments would not be lost. On or about March 28, 1981 one Aaron Sadove signed and delivered to representatives of defendants, a subscription agreement for the shares allocated to apartment 30H, the apartment leased to Con Ed. Paragraph 19 of that agreement contained a representation that Sadove was purchasing the shares for his own account "and not as nominee for any other individual or firm, partnership, corporation, joint venture or other entity". However, in a letter accompanying the subscription agreement Sadove noted his contention that paragraph 19 was not applicable "in [a] situation where an individual is subscribing to the shares of the Apartment Corporation on behalf of a corporation". Also accompanying these documents was one signed by Charles F. Luce, chairman of the board of Con Ed authorizing and approving the purchase by Sadove and a check of Con Ed representing the deposit required to be paid with the subscription agreement. It is undisputed that Sadove was acting on behalf of Con Ed in this transaction. By letter dated April 1, 1981 Sadove's subscription agreement was rejected on the ground that he was acting as nominee for a corporation. This action to compel acceptance of Con Ed's subscription agreement and downpayment was then brought. Con Ed's motion for summary judgment and defendants' cross motion for the same relief followed. Special Term granted Con Ed's motion and denied defendants' cross motion. We are of the opinion that defendants' cross motion should have been granted and plaintiff's motion denied. The exclusive right of a bona fide tenant in occupancy of a rent-stabilized apartment to purchase the shares allocated to the apartment occupied by him is governed by section 352-eeee (subd 2, par [d]) of the General Business Law and section 61 of the Code of the Rent Stabilization Association of New York City, Inc. (Code). Unfortunately, however, the term "tenant in occupancy" is not defined either in the statute or in the Code. However, a somewhat analogous series of cases persuades us that

a corporation is entitled to the benefits of the Code only in limited circumstances (see *Matter of Walter & Samuels v New York City Conciliation & Appeals Bd.,* 81 AD2d 212, app dsmd 55 NY2d 824; *Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,* 94 AD2d 229). Both of those cases involved renewals of rent-stabilized leases. *Walter & Samuels* dealt with the renewal of the lease of an apartment to the Permanent Mission of Syria to the United Nations. *Cale Dev. Co.* concerned the renewal of a lease to a corporation. In each case we held that since the apartment was intended to be occupied by whomever the Syrian Mission (*Walter & Samuels*) or the corporation (*Cale Dev. Co.*) would from time to time designate, it was not the primary residence for an individual and hence the landlord was not required to renew the lease. On the other hand, in *Matter of Sommer v New York City Conciliation & Appeals Bd.* (93 AD2d 481) we held that where a corporation leased a rent-stabilized apartment for a named officer only, and members of his family, the requirements of the Code had been met and the landlord was required to renew the lease. These cases persuade us that a tenant who does not have the capacity to compel renewal of a lease is not a bona fide tenant in occupancy and therefore does not have the capacity to compel the sale to it by the co-operative corporation of the shares of stock representing the apartment rented for the convenience of its directors, officers, guests, invitees and licensees. Particularly is this true where, as here, the offering statement excluded corporations and their nominees from the list of prospective purchasers. Concur — Asch, Silverman and Bloom, JJ.

Sandler, J. P., and Kassal, J., dissent in a memorandum by Kassal, J., as follows: I dissent and vote to affirm for the reasons stated by Justice Fraiman at Special Term (114 Misc 2d 999). In concluding that Consolidated Edison was not entitled to purchase upon the conversion to co-operative ownership under an eviction plan pursuant to section 61 of the Code of the Rent Stabilization Association of New York City, Inc. (Code), the majority relies exclusively upon whether the corporate tenant had a right to a renewal lease. This, however, is an irrelevant consideration. The critical issue is whether the party who seeks to purchase the co-operative shares is the "tenant in occupancy" under section 61 (subd 4, par [b]) of the Code on the date of presentation of the offering plan, not whether the party has a right to renewal of the lease upon its termination (see *Wissner v 15 West 72nd St. Assoc.,* 87 AD2d 120, 123-125, affd 58 NY2d 645; *Thuna v Di Sanza,* 102 Misc 2d 342, affd 78 AD2d 517; see, also, *Ian v Wassberg,* 55 NY2d 706). Here, there is no question that respondent was the tenant in occupancy within the terms of section 61 (subd 4, par [b]) of the Code at the time of the offering and, accordingly, had the exclusive right of purchase. That the corporate tenant could not have effected a renewal lease under rent stabilization has no real bearing upon its capacity to compel the sale of shares upon conversion to co-operative ownership.