■ BOSTONIAN SHOE CO. OF NEW YORK, Respondent, v WULWICK ASSOCIATES, Appellant.—In an action for declaratory and

injunctive relief, the defendant appeals from an order and interlocutory judgment of the Supreme Court, Kings County (Spodek, J.), dated February 8, 1985, which denied its motion for summary judgment dismissing the complaint, granted the plaintiff's cross motion for summary judgment on its complaint and declared, *inter alia,* that the plaintiff was not in breach of a provision of the lease which prohibited its assignment without the lessor's consent.

Order and interlocutory judgment affirmed, with costs.

The instant appeal involves a written lease between the plaintiff, as tenant, and the defendant, as landlord, which provides for the lease of the premises located at 453 Fulton Street, Brooklyn, for a 15-year period ending July 31, 1986. The lease specifically prohibits the assignment of the lease by the plaintiff without the defendant's prior approval. The lease does not, however, restrict in any way the plaintiff's right to sublet the premises.

On or about April 18, 1983, the plaintiff entered into an agreement with one Genesco, Inc. (hereinafter Genesco), whereby the latter agreed to rent the demised premises for the period beginning May 1, 1983, and ending July 30, 1986, one day prior to the expiration of the lease between the parties hereto. Under that agreement, the plaintiff retained the right of reentry upon Genesco's default, and Genesco was precluded from assigning or subletting the premises without the prior written approval of the plaintiff.

Shortly after the plaintiff entered into the agreement with Genesco, the defendant contacted the plaintiff through a series of notices, stating that the agreement with Genesco constituted an invalid assignment of the parties' lease. As a result, the defendant declared the lease terminated and demanded that the plaintiff cure the breach or vacate the premises and remove Genesco therefrom.

The plaintiff subsequently commenced the instant action seeking declaratory and injunctive relief. Following joinder of issue, the defendant moved for summary judgment and the plaintiff cross-moved for the same relief. Special Term denied the defendant's motion, granted the plaintiff's cross motion, and declared, *inter alia,* that the agreement between the plaintiff and Genesco constituted a valid sublease, and, that as a result, the plaintiff was not in breach of the provision of the lease which prohibited its assignment without the defendant's consent. We affirm.

"The essential distinction between an assignment and a sub-

lease is simply this: If a lessee, by any instrument whatever, whether reserving conditions or not, parts with his entire interest, he has made a complete assignment; if he has transferred his entire interest in a part of the premises, he has made an assignment *pro tanto. If he retains a reversion in himself, he has made a sub-lease"* (*Woodhull v Rosenthal,* 61 NY 382, 391 [emphasis added]; *see, Cooper v 140 E. Assoc.,* 27 NY2d 115, 118; *Gillette Bros. v Aristocrat Rest.,* 239 NY 87; *Stewart v Long Is. R.R. Co.,* 102 NY 601; *Ganson v Tifft,* 71 NY 48). Significantly, the retained reversionary interest need not be for a substantial period of time in order for an agreement to be considered a sublease. Thus, agreements calling for the surrender of possession one day or, in one case, 12 hours short of the expiration of the term of the main lease, have been held to be a sublease rather than an assignment *(see, WMCA, Inc. v Blockfront Realty Corp.,* 194 Misc 932, *affd* 272 App Div 800, *lv denied* 297 NY 1042; *Ganson v Tifft, supra; McKinley Realty & Constr. Co. v Rosenblum,* 149 Misc 730).

Judged by these standards, it is clear that the plaintiff's agreement with Genesco is a sublease rather than an assignment. By the terms of that agreement, Genesco is required to surrender possession of the demised premises to the plaintiff on July 30, 1986, one day prior to the expiration of the plaintiff's lease with the defendant. Thus, since the plaintiff retained a reversionary interest in the demised premises, albeit one short in duration, the subject agreement is a valid sublease. Moreover, given the absence of any provision in the parties' lease restricting the plaintiff's ability to sublease the premises, the plaintiff's actions did not constitute a breach of the provision thereof regarding assignments. Mollen, P. J., Mangano, Gibbons and Bracken, JJ., concur.