OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
By their separation agreement, defendant (the husband) and plaintiffs decedent (the wife) provided that during her lifetime the wife would have sole use and occupancy of the marital home — a rent-controlled apartment for which there has been no lease for over 10 years — but that on her death the husband would succeed to that right. While the wife was in occupancy, *1019 a plan for cooperative conversion was accepted for filing by the Attorney-General. During the exclusive period for existing tenants to purchase the shares allocated to their apartments, the husband and the wife each accepted the sponsor’s offer, but both were rejected. In this litigation commenced by the wife, Special Term granted summary judgment upholding the husband’s right to buy the apartment based on the separation agreement, but the Appellate Division reversed and granted summary judgment to the wife. During pendency of the appeal, the wife died, and her executrix was substituted for her in the action. We now affirm.
Inasmuch as the husband had expressly relinquished his right to possession of the rent-controlled apartment as of the date the cooperative conversion plan was accepted for filing by the Attorney-General (General Business Law § 352-eeee [2] [d] [ix]), he cannot be considered a tenant-in-occupancy entitled to purchase the shares allocated to the apartment during the exclusive period (see, De Kovessey v Coronet Props. Co., 69 NY2d 448; Cooper v 140 E. Assocs., 27 NY2d 115). Our decision in Burns v 500 E. 83rd St. Corp. (59 NY2d 784) is not to the contrary. In that case, the rent-stabilized apartment in question was governed by a lease in the name of the out-of-possession husband. In the rent-control context presented here, the tenancy existed not by virtue of any lease (see, Trachter v Parker 86th Assocs., 115 Misc 2d 271, 275), the last lease having expired years ago, but by operation of the rent-control statute and applicable regulations, which contain a broad definition of the term "tenant” (Administrative Code of City of New York § 26-403 [m]; Rent and Eviction Regulations of the Division of Housing and Community Renewal, 9 NYCRR 2200.2 [o]; see also, Cooper v 140 E. Assocs., supra, at 117-118; cf., Matter of Herzog v Joy, 74 AD2d 372, affd 53 NY2d 821). Having determined that the wife’s tender of an executed subscription for the shares allocated to the apartment should have been accepted by the sponsor, we further hold that her death after the date of the tender does not prevent her estate from maintaining this action (see, EPTL 11-3.1; see also, Grant v Blum, 76 AD2d 823). By contrast with our recent decision in De Kovessey (supra), here the tenant-in-occupancy during her lifetime accepted the offer to purchase the shares.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the *1020 Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.