■ In the Matter of ROBERT J. RUBINSTEIN, as Executor of JUDITH KAYE, Deceased, Respondent, v 160 WEST END OWNERS CORP. et al., Appellants.—Order of the Surrogate's Court, County of New York (Marie M. Lambert, S.), entered on or about May 2, 1988, which denied respondents' motion pursuant to CPLR 3211 to dismiss the petition for failure to state a cause of action, is unanimously reversed on the law and the motion to dismiss the petition granted, without costs or disbursements.

Petitioner-respondent is the executor of the estate of Judith Kaye, who died on August 22, 1986. The decedent was the tenant of record of apartment 9L at 160 West End Avenue in

Manhattan pursuant to a written lease commencing July 1, 1985 and terminating on June 30, 1987. The premises in question were subject to rent stabilization. On December 10, 1986, nearly four months after Kaye's death, an offering plan to convert the building to cooperative ownership (the Black Book) was accepted for filing by the Attorney-General. On January 20, 1987, Kaye's estate, in an effort to purchase at insider prices the shares allocated to apartment 9L, tendered a subscription agreement and check for the down payment, both of which were rejected and returned shortly thereafter. The estate then commenced the instant proceeding in the Surrogate's Court seeking to compel respondents-appellants, the cooperative corporation, sponsor and selling agents, to sell the apartment to it. In that connection, it is undisputed that while the estate continued to pay the rent, which was accepted by the landlord, the apartment has been unoccupied since Kaye's death except that her personal property has remained therein. Moreover, there is no assertion that the estate wishes to procure the shares for the apartment in order to provide a home for anyone, and, indeed, petitioner clearly regards the purported right to purchase simply as an asset of the estate. Accordingly, petitioner contends: "That the Plan created and on the Filing Date the Estate thereby acquired and now owns a chose in action contract right, option or asset, having a value of $78,895.04 which can be brought into the Estate only by subscribing for the shares allocated to the Apartment. This value can thereafter be realized in whole or in part, either by selling and assigning such subscription to a non-resident—as expressly provided for and allowed at pages 109 and 110 of the Plan * * * or by acquiring such shares for subsequent distribution or resale in the course of liquidation of the Estate."

In denying respondents' motion pursuant to CPLR 3211 to dismiss the petition for failure to state a cause of action, the Surrogate's Court concluded that the Court of Appeals decision in *De Kovessey v Coronet Props. Co.* (69 NY2d 448, *rearg denied sub nom. Amsterdam Manhattan Assocs. v Estate of Leichtman,* 70 NY2d 694) is not controlling in the present situation since the facts therein are distinguishable in several significant respects from those in the instant matter and that, therefore, Kaye's estate could be deemed a "tenant in occupancy" under General Business Law § 352-eeee such as would entitle it to be offered an insider's purchase option. The two major differences perceived by the Surrogate's Court between *De Kovessey* and the case before us are that (1) the conversion

plan here was only accepted for filing by the Attorney-General after Kaye's death and, thus, she was never an optionee with a power of acceptance, and no option could terminate upon her dying; consequently, the contract principles discussed in *De Kovessey* do not pertain to her estate, and (2) Kaye had been a rent-stabilized tenant, rather than one under rent control, resulting in the application of an entirely distinctive regulatory scheme. We disagree with the conclusion of the Surrogate's Court and find *De Kovessey v Coronet Props. Co. (supra)* to be determinative.

The Court of Appeals in *De Kovessey v Coronet Props. Co. (supra,* at 457), after referring to its earlier rulings in *Cooper v 140 E. Assocs.* (27 NY2d 115) and *Consolidated Edison Co. v 10 W. 66th St. Corp.* (61 NY2d 341) declared that "[t]aken together *Cooper* and *Con Ed* show that the 'tenant in occupancy' must be in actual possession and occupying the unit at the time the conversion plan is accepted for filing in order to qualify at all". This holding is not only unequivocal but was reaffirmed by the court when it stated that "the critical component to establishing an entitlement to exercising the insider rights of a 'tenant in occupancy' is a landlord-tenant relationship coupled with actual use and possession at the time the plan is accepted for filing" *(De Kovessey v Coronet Props. Co., supra,* at 457). Thus, notwithstanding the fact that Kaye had resided in the rent-stabilized apartment pursuant to a written lease which passed to her estate when she died *(see,* EPTL 13-1.1 [a] [1]), the exercise of insider rights mandates the addition of a factor other than merely the existence of a landlord-tenant relationship; there must be actual use and possession of the premises at the time that the plan is accepted for filing. Petitioner herein simply does not meet this second requirement. Certainly, storing personal property in an apartment does not constitute the sort of actual use and possession contemplated by the Court of Appeals in *De Kovessey*. At the time that the conversion plan involved here was accepted for filing, Kaye was deceased. In the view of the Court of Appeals, "there is no statutory, common-law or equitable basis upon which estates should be allowed to garner a windfall via decedents and for the benefit of heirs by resale of the converted apartments at a value higher than the insider rate at the expense of the sponsor/owner's reversion rights under the filed plan" *(De Kovessey v Coronet Props. Co., supra,* at 458). Based upon the analysis in *De Kovessey,* the motion to dismiss the petition should have been granted. Concur—Carro, J. P., Milonas, Rosenberger and Ellerin, JJ.