(March 28, 1989)

■ JACOB RUBENSTEIN et al., as Coexecutors of NATHAN SILVERSTEIN, Deceased, Respondents, v 140 WEST END AVENUE ASSOCIATES et al., Appellants.—Order, Surrogate's Court, New York County (Marie Lambert, S.), entered on or about August 22, 1988, which denied respondents-appellants' motion to dismiss the petition and granted petitioners-respondents' cross motion for summary judgment, unanimously reversed, on the law, respondents-appellants' motion to dismiss the petition granted and the petitioners-respondents' cross motion for summary judgment denied, without costs.

Petitioners are the executors of the estate of Nathan Silverstein (decedent). At the time of his death the decedent was a tenant in apartment 11-J at 140 West End Avenue in New York County pursuant to a lease dated March 7, 1977 and subsequently extended to March 31, 1987 pursuant to the rent stabilization laws. Subsequent to decedent's death, a plan to convert the building to cooperative ownership was approved for filing by the Attorney-General.

Petitioners allege that because the cooperative conversion plan was distributed prior to the death of the decedent and even though it had not been approved for filing by the Attorney-General, they are entitled to purchase the shares allocated to the apartment in question. Recently, this court decided *Matter of Rubinstein v 160 W. End Owners Corp.* (145 AD2d 390), and, on facts similar to those here, rejected the petitioner's argument that he was entitled to purchase the shares of a deceased tenant. This court held "the exercise of insider rights mandates the addition of a factor other than merely the existence of a landlord-tenant relationship; there must be actual use and possession of the premises at the time that the plan is accepted for filing." *(Supra,* at 392.)

The *Rubinstein* case *(supra)* is controlling here and mandates reversal. Concur—Murphy, P. J., Asch, Rosenberger, Smith and Rubin, JJ.