**In re Jesse M. HILSEN, Debtor.**

**Marc Stuart GOLDBERG, Trustee of the Estate of Jesse M. Hilsen, Plaintiff–Appellee,**

v.

**Rita HILSEN, Defendant–Appellant.**

No. 89 Civ. 7204 (RPP).
Adv. No. 89–5475A.

United States District Court,
S.D. New York.

Oct. 11, 1990.

---

Marc Stuart Goldberg & Associates, New York City, by Marc Stuart Goldberg, for plaintiff-appellee.

Leo Fox, New York City, for defendant-appellant.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Rita Hilsen appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Black-shear, J.) dated June 27, 1989, granting partial summary judgment in favor of Marc Stuart Goldberg, trustee of the estate of Jesse M. Hilsen ("debtor"). 100 B.R. 708. The Bankruptcy Court declared two real estate properties,[1] apartment 9F at 35 East 85th Street, New York, NY, ("the 85th Street Apartment") and apartment 11A at 55 East 86th Street, New York, NY ("the

---

1. For reasons not disclosed, the trustee did not seek a determination by the Bankruptcy Court regarding inclusion of a third property owned by Jesse Hilsen, a commercial building located at 1449 Lexington Avenue, New York City, in the bankruptcy estate free of claims by Rita Hilsen.

86th Street Apartment"), both held solely in the debtor's name, property of the debtor's estate and, accordingly, found Rita Hilsen to be a general unsecured creditor of the bankruptcy estate with respect to those properties. For the reasons set forth below, the order of the Bankruptcy Court is reversed and the case remanded.

## BACKGROUND

Jesse M. Hilsen and Rita Hilsen were married on April 10, 1965. Rita Hilsen supported Jesse Hilsen throughout most of medical school. Jesse Hilsen is now a psychiatrist in private practice while Rita Hilsen is not employed outside the home. They have three children, the youngest of whom is emotionally disturbed and suffers from learning disabilities. Rita Hilsen is physically disabled and has previously been under psychiatric care. During the marriage, the parties lived in the 86th Street Apartment, which Jesse Hilsen held solely in his name.

Jesse Hilsen moved out of the family residence in July 1981 and on May 26, 1984 commenced a matrimonial action seeking a judgment of divorce. On October 29, 1984, New York Supreme Court enjoined any transfer of marital property under § 236 of the Domestic Relations Law, including the 86th Street Apartment, granted Rita Hilsen exclusive occupancy of that apartment and ordered Jesse Hilsen to pay support.[2]

On July 8, 1985, in a further effort to preserve her rights in marital property pending resolution of the divorce proceeding, Rita Hilsen filed a lis pendens on the 86th Street Apartment and on a building located at 1449 Lexington Avenue, New York City, owned by Jesse Hilsen.[3]

In violation of a September 20, 1984, court order prohibiting further encumbrance of the 86th Street Apartment, Jesse Hilsen refinanced the $100,000 second mortgage on the Apartment on May 8, 1986, increasing the second mortgage debt to $175,000.

By order dated March 6, 1987, the state court appointed a receiver to take possession of the three real estate parcels owned by Jesse Hilsen, the 86th Street Apartment, an 85th Street Apartment and the building at 1449 Lexington Avenue, and directed that the properties be sold in order to prevent foreclosure. On June 30, 1987, Jesse Hilsen lost his appeal of the order appointing a receiver, and on the following day, July 1, 1987, he filed a Chapter 11 petition in bankruptcy.

The record indicates that Jesse Hilsen did nothing to create sufficient income to meet the mortgage payments on his properties during the more than sixteen months that he was Chapter 11 debtor-in-possession. For example, three of the four rental apartments in the 1449 Lexington Avenue building, which in the past rented for $1000 per month, remained vacant from approximately June 1986. There is no indication in the record that Jesse Hilsen made any attempt to rent the properties consistent with his duties as debtor-in-possession under Chapter 11. There is also no indication that the mortgage creditors sought to convert the Chapter 11 reorganization to a Chapter 7 liquidation in order to protect their increased funds at risk.

At oral hearing on July 29, 1987, the Bankruptcy Court lifted the automatic stay imposed by § 362 of the Bankruptcy Code to allow the state court to render judgment in the divorce action. The Court's order on stipulation acknowledged that the divorce adjudication would include an equitable distribution award but provided that there would be no enforcement of any such award by the state court.

On August 23, 1988, the state court entered a judgment of divorce awarding Rita Hilsen 100% of the 85th Street Apartment

---

**2.** In 1985 and 1986, Rita Hilsen obtained several judgments against Jesse Hilsen for arrears in the court-ordered temporary support which he at all times refused to pay.

**3.** Appellant mistakenly claims that Jesse Hilsen acted in violation of court order in purchasing the 86th Street Apartment in his own name. Br. at 10. Jesse Hilsen signed the purchase agreement on March 6, 1984, and took title at a closing on July 26, 1984. The court order requiring purchase in both spouse's names issued thereafter, on October 29, 1984.

(into which she was to move), 50% of the 86th Street Apartment and 50% of the 1449 Lexington Avenue building and as part of an equitable distribution award.[4] The court further ordered:

> that plaintiff [Jesse Hilsen] shall remain solely and individually liable for any and all debts accumulated against the premises owned by plaintiff located at and known as 35 East 85th Street, New York, New York; 55 East 86th Street, New York, New York and 1449 Lexington Avenue, New York, New York and said debts shall attach to plaintiff's share in said properties....

Slip. Op. at 6.[5]

On November 16, 1988, Jesse Hilsen voluntarily converted the Chapter 11 proceeding to a liquidation proceeding under Chapter 7, stating that he was "unable to propose a Plan which would be acceptable to [his] ex-wife and the creditors." D–11 at 3. Marc Stuart Goldberg was appointed Chapter 7 trustee. He brought an adversary proceeding in Bankruptcy Court against Rita Hilsen on March 13, 1989, seeking to remove her and her children from occupancy of the 86th Street Apartment and to declare the 85th and 86th Street Apartments exclusive property of the bankruptcy estate. The Bankruptcy Court ruled in his favor on June 27, 1989, and this appeal followed.

## DISCUSSION

■ The issue in this appeal is whether the Bankruptcy Court took adequate account of the property rights of Rita Hilsen under state law. Section 541(a) of the

Bankruptcy Code, 11 U.S.C. § 541(a), broadly defines property of a debtor's estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." In this context, "[p]roperty rights are created and defined by state law." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). In other words, state law determines whether the debtor's interest in any particular item of property is sufficient to confer on the bankruptcy estate a property right in the item under § 541(a). *In re Crysen/Montenay Energy Co.*, 902 F.2d 1098, 1101 (2d Cir.1990).

■ The Bankruptcy Court in this case held that since no judgment of divorce had issued as of the date of appellant's Chapter 11 filing, Rita Hilsen had no *vested* property rights in the 85th or 86th Street Apartments under state law and the properties passed into the debtor's estate free of claims by her. *In re Hilsen*, 100 B.R. 708, 711 (Bankr.S.D.N.Y.1989). This decision is apparently consistent with New York Domestic Relations Law § 236.[6] *See Leibowits v. Leibowits*, 93 A.D.2d 535, 462 N.Y. S.2d 469, 478 (App.Div.2d Dep't 1983) (O'Connor, J., concurring) (after a detailed and learned analysis of § 236 and its legislative history, stating that "at no point prior to judgment does the new law itself create any contingent or present vested interests, legal or equitable, by virtue of the parties' marital status or prior to a judgment dissolving their union.") *See also Peterson v. Goldberg*, 146 Misc.2d 474, 550 N.Y.S.2d 1005, 1007 (N.Y.Sup.Ct. 1990); Scheinkman, Practice Commentaries

---

**4.** At ·the time of the award, Jesse Hilsen held title to all three properties exclusively in his own name.

**5.** On May 22, 1990, the Appellate Division unanimously affirmed the trial court's decision, stating:

> [W]e find ample support in the record for the trial court's determination that plaintiff [Jesse Hilsen] had diverted the proceeds from the sale or mortgaging of various properties so as to deprive the defendant [Rita Hilsen] of their value, and had otherwise attempted to obfuscate the true extent of his income.

*Hilsen v. Hilsen*, 555 N.Y.S.2d 370, 371 (App.Div. 1990).

**6.** "The term 'marital property' shall mean all property acquired by either or both spouses during the marriage and before the execution of a separation agreement or the commencement of a matrimonial action, regardless of the form in which title is held...." N.Y.Dom.Rel.Law § 236, Part B, subd. 1, par. c. "Marital property shall be distributed equitably between the parties, considering the circumstances of the case and of the respective parties." *Id.*, Part B, subd. 5, par. c. It is undisputed that the 85th and 86th Street Apartments constitute marital property within the meaning of the statute.

C236B:23, N.Y.Dom.Rel.Law § 236 (McKinney 1986 & Supp.1989). *But see* the following dicta in *O'Brien v. O'Brien*, 66 N.Y.2d 576, 583, 498 N.Y.S.2d 743, 489 N.E.2d 712 (1985):

> Those things acquired during marriage and subject to distribution have been classified as 'marital property'.... '[Marital property] is a statutory creature, is of no meaning whatsoever during the normal course of a marriage and arises full-grown, like Athena, *upon the signing of a separation agreement or the commencement of a matrimonial action.*

(emphasis added). *See also Kriger v. Kriger*, 115 Misc.2d 595, 454 N.Y.S.2d 500, 503 (N.Y.Sup.Ct.1982) (cited with disapproval by O'Connor, J., concurring in *Leibowits* but holding):

> [A]n inchoate interest in the [marital property] asset is acquired by the spouse without title immediately on acquisition and during 'coverture'; it becomes 'consummate' on service of the divorce summons awaiting only 'admeasurement' in the decree of divorce.

■ Although this Court agrees based on Justice O'Connor's concurrence in *Leibowits* with Bankruptcy Court's conclusions as to property interests under New York law, appellant has raised a related issue involving her rights in property held by the debtor which was not addressed by the opinion below. A district court sitting in a bankruptcy appeal has the power to consider any issue presented by the record on appeal, even if the issue was not presented to the bankruptcy court. *See Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1379 (9th Cir.1985); *In re Ionosphere Clubs, Inc.*, 114 B.R. 379, 388 (S.D.N.Y. 1990); *In re Weeks, Thomas & Lysaught, Chartered*, 97 B.R. 46 (D.Kan.1988).

■ Apart from the issue of whether N.Y.Dom.Rel.Law § 236 conferred property rights in the 85th and 86th Street Apartments upon Rita Hilsen as of commencement of the divorce action, appellant argues that she had a property in the 86th Street Apartment by virtue of a constructive trust imposed under New York law. A constructive trust imposed upon property held by the debtor at the time of the bankruptcy filing confers upon the true owner of the property an equitable interest superior to that of the bankruptcy trustee. *See In re Howard's Appliance Corp.*, 874 F.2d 88, 93 (2d Cir.1989). The record on appeal indicates that appellant first alleged the existence of a constructive trust below by way of opposition to the trustee's motion for partial summary judgment. Exh. CD–7. The Bankruptcy Court however made no findings on this issue.

■ Appellant argues that Jesse Hilsen's act of purchasing the 86th Street apartment in his own name on July 26, 1984 imposed a constructive trust on the property as of that date. She relies on N.Y.Gen.Bus.Law § 352–eeee(2)(d)(ix) which provides that the Attorney General of the State of New York shall not approve any offering plan for sale of cooperative apartments or condominium units unless the plan provides that:

> The tenants in occupancy on the date the attorney general accepts the plan for filing shall have the exclusive right to purchase their dwelling units ... for ninety days after the plan is accepted for filing ...; subsequent to the expiration of such ninety day period, a tenant in occupancy of a dwelling unit who has not purchased shall be given the exclusive right for an additional period of six months from said expiration date....

*See also Burns v. Burns*, 113 Misc.2d 229, 450 N.Y.S.2d 942 (N.Y.Sup.Ct.) (applying § 61 subd. 5 of the Code of the Real Estate Industry Stabilization Association of the City of New York), *aff'd*, 90 A.D.2d 706, 455 N.Y.S.2d 742 (App.Div.1982), *aff'd*, 59 N.Y.2d 784, 464 N.Y.S.2d 728, 451 N.E.2d 475 (1983).

Appellant argues Jesse Hilsen in purchasing the Apartment in his own name illegally usurped, by fraud or otherwise, Rita Hilsen's exclusive right as the sole tenant in occupancy to purchase the 86th Street Apartment under the 1984 offering plan. The record indicates that Jesse Hilsen had not been a tenant in occupancy of the apartment since he moved out in 1981.

A finding of constructive trust would firmly establish the rights of Rita Hilsen in the 86th Street Apartment prior to Jesse Hilsen's preemptive Chapter 11 filing on July 1, 1987.

The facts of this case lend support to appellant's claim. The record demonstrates unequivocally that Jesse Hilsen was using the bankruptcy process to avoid state court actions and to defraud his wife of her share of the parties' marital property. In view of that record there may be support for appellant's claim based on constructive trust.

It is also noted that the effect of the decision below is to deprive appellant of the benefits of the relief granted by the state court in the parties' divorce action. Since the legislature is currently considering changes in the Domestic Relations Law relating to "marital property" and "equitable distribution," the means utilized in this case to circumvent the state court process should be brought to the legislature's attention. If however the New York Court of Appeals were to resolve the apparent conflict between *Leibowits* and *Kriger, supra,* the need for legislative action addressing situations such as this one would be eliminated.

Accordingly, the order of the Bankruptcy Court is reversed and this matter remanded for (1) findings of fact as to whether Jesse Hilsen's purchase of the 86th Street Apartment in his own name gave rise to a constructive trust in favor of Rita Hilsen under New York law, and (2) conclusions of law as to whether Jesse Hilsen had any property rights in the 86th Street Apartment under 11 U.S.C. § 541(a) at the time of his Chapter 11 filing if he held the Apartment in constructive trust for his wife.

IT IS SO ORDERED.