■ MICHAEL SPITALNIK, Appellant, v ROBERTA SPRINGER et al., as Agents for Normandy Associates, Respondents. — Judgment, Supreme Court, New York County (Helman, J.), entered March 12, 1981, insofar as it dismissed plaintiff's complaint seeking to declare his exclusive rights to purchase co-operative shares of his apartment and receive a signed subscription agreement therefor, and which was without prejudice to plaintiff's right to make a joint application with defendant Springer for such purchase rights, unanimously modified, on the law, and in the exercise of discretion, without costs, to declare that plaintiff and defendant Springer have a coequal joint right to subscribe to the co-operative shares and to extend the time for execution of the subscription to 30 days from entry of this court's order. Plaintiff Spitalnik and defendant Springer jointly occupied the subject apartment as rent-stabilized cotenants, pursuant to a lease executed by both. They have a history of alternating domestic accord and discord, marriage plans, separations and reunions. In January, 1979, personal differences resulted in Springer moving from the apartment, but leaving certain furnishings and personal property behind. In April, 1979 a "red-herring" offering statement was delivered by the sponsor. In October, 1979, a renewal lease option notice was delivered, and Spitalnik returned it together with a renewal lease executed by himself. Defendant Orsid rejected it because Springer had failed to sign it as cotenant, but continued to accept the rent from Spitalnik. Springer and Spitalnik each separately executed and delivered a copy of the subscription agreement to Orsid, each intending to obtain the apartment as a co-operative, exclusive of the other. Orsid rejected both subscription agreements and down payments, insisting that it would only accept a joint subscription agreement signed and executed by both Spitalnik and Springer, as cotenants. Plaintiff instituted this action and Springer counterclaimed, each seeking a declaration of exclusive rights to execute the subscription agreement and purchase the co-operative shares to the apartment, free of the other. After trial, the court dismissed both the complaint and counterclaim. It found that at no time did Springer ever abandon her intent to continue as a cotenant of the premises, whether or not she resided there continuously, but at all times asserted her right to continue as a cotenant with the privilege of exercising purchase rights pursuant to the offer and the rent stabilization code, in the event of a co-operative conversion plan. The court held that Spitalnik and Springer had coequal rights to execute the subscription agreement, so that the landlord was not required to deal with either individually but was entitled to receive a joint subscription, and therefore had the right to reject the respective subscription agreements and down payments of both parties purporting to exercise such purchase rights exclusively of the other. Accordingly the court dismissed both the complaint and the counterclaim, however "without prejudice to any further application that may hereafter be made jointly by plaintiff Spitalnik and defendant Springer to exercise any such right that may exist. There was support in the record for the trial court's finding that defendant Springer was still a bona fide tenant under lease at the time the sponsor made the offer. Therefore, the court's determination that Springer maintained her rights, coequal with Spitalnik, to purchase the apartment at the exclusive insider tenant's price was a proper one. In light of this determination, the court should have declared

accordingly, instead of requiring the institution of a separate suit. Orsid argued that Spitalnik and Springer did not jointly exercise this right in a timely manner; thus the right has been lost and may not now be exercised. However, Orsid did not appeal from the judgment, which recited specifically that it was without prejudice to the exercise of the parties' joint rights, and it was well aware that both parties intended to purchase. It would not be prejudiced if the right was now jointly exercised. Under the circumstances indicated by this record, equitable considerations justify an extension of the 90-day period for the cotenants to exercise their exclusive purchase rights, to 30 days from entry of this order. Concur — Carro, J. P., Markewich, Lupiano, Bloom and Asch, JJ.