OPINION OF THE COURT
Jones, J.
Although neither of two cotenants in occupancy of a rent-stabilized apartment, where each asserts the right to do so, may exercise an individual right to subscribe to the co-operative shares allocated to their apartment on conversion, they may jointly execute an agreement for sufch subscription. In the circumstances disclosed in this record it was not error for the Appellate Division to permit the submission of such a joint agreement after the expiration of the normal discount period.
Plaintiff Spitalnik and defendant Springer jointly occupied apartment 11F at 140 Riverside Drive in the City of New York as rent-stabilized cotenants, pursuant to a lease executed by both of them with appellant landlord. When the apartment building became subject to conversion to cooperative ownership, differences arose between the tenants. Each asserted an exclusive right to purchase the cooperative shares allocated to apartment 11F, in furtherance of which each signed a separate subscription agreement. The present litigation ensued in which each tenant sought a declaration of his or her entitlement to subscribe to these shares and of the landlord’s obligation to accept his or her individual subscription agreement. After a nonjury trial, Supreme Court dismissed the claim of each tenant, holding that they had coequal rights to execute the subscription agreement and that the landlord was not required to deal with either tenant individually but was entitled to receive a joint subscription. The rejection of the separate claims of the individual tenants, however, was expressly made “without prejudice to any further application that may hereafter be made jointly by plaintiff Spitalnik and defendant Springer to exercise any such right that may exist.”
On appeal by plaintiff, the Appellate Division agreed that the individual tenants had no separate rights to subscribe to the co-operative shares, but held that it was error for Supreme Court to have left open for future deter *116 mination whether plaintiff and defendant could still file a joint agreement to subscribe. The appellate court then proceeded to hold that the two tenants did have a right to file a joint agreement to subscribe and directed that such a joint agreement could be filed within 30 days from the date of entry of its order. The court rejected any argument that the tenants had no substantive right to file a joint subscription and any procedural contention that, even if there were such a substantive right, the time for its exercise had expired.
At the outset we observe that following the nonjury trial in this action the Appellate Division had all the authority to determine the issues which the Supreme Court had had. On the landlord’s appeal to us[1] we address the two issues determined by the Appellate Division, neither of which had been addressed by Supreme Court. We first conclude that there was no error in the determination that, although the two tenants with whom the landlord had executed a joint lease had no individual rights to subscribe, they did have the right to file a joint subscription agreement. Indeed, the landlord advances no substantial argument that in effect no right existed to file a subscription agreement with respect to the shares allocated to apartment 11F — i.e., that the two tenants, the only persons to whom such rights could conceivably accrue, could not exercise the right either separately or jointly.
As to the remaining issue, the Appellate Division held that, in the equities of the situation and absent any showing of prejudice to the landlord attributable to the delay, the time for filing a joint subscription agreement (which originally expired at the end of the initial 90-day discount period in February, 1980, but was thereafter extended by agreement for an additional, second 30-day discount period in July, 1980) should be extended to 30 days from the date of entry of the order of the Appellate Division. Again, we find no error of law in this determination.
*117 The landlord makes no contention that the courts have no legal authority to extend the time to subscribe. It is its contention that it was “improper” to have done so in this instance because of the “absolute dearth of ‘equitable considerations’ that would justify such” relief.[2] In support of this position it argues only that the tenants should not now be allowed to subscribe to the shares allocated to apartment 11F for an amount far less than their market value. This same advantage would admittedly have been available to the tenants during the two designated discount periods; indeed this was a major ingredient of the conversion plan. The price differential alone, therefore, provides no basis for rejecting the joint subscription of the tenants as untimely. The landlord advances no other claim of prejudice and thus no claim of prejudice attributable to the delay in time of filing. Had the court not extended the time for filing the landlord would have received a windfall.
For the reasons stated, the order of the Appellate Division should be modified, with costs, by affirming the substantive determination of that court but extending the time for joint exercise of the right to subscribe to 30 days following the date of entry of the order of our court.

. No appeal has been taken by either tenant from the determination that neither had an individual right of subscription or that to subscribe a joint agreement was required.

. Indeed, relying on First Nat. Stores v Yellowstone Shopping Center (21 NY2d 630), the landlord emphasizes the quotation from that case at page 637 where we declared that “in a proper case, a court has the fullest liberty in molding its decree to the necessities of the occasion. But, it cannot grant equitable relief if there is no acceptable basis for doing so.”