OPINION OF THE COURT
Meyer, J.
A corporate tenant which qualifies as a “tenant in occupancy” under the Code of the Rent Stabilization Association of New York City, Inc. (Rent Stabilization Code), on the date a co-operative conversion plan is presented to *345 tenants is entitled to purchase in its own name the shares in the co-operative corporation allocated to its apartment, notwithstanding that the plan purports to limit the corporation’s rights to the transfer of its purchase option to an individual who will take in his own right, and notwithstanding that the apartment is not the “primary residence” of the corporation or any of its officers. The order of the Appellate Division should, therefore, be reversed, with costs, and the judgment of Supreme Court reinstated.
Consolidated Edison Company of New York, Inc. (Con Ed), is the tenant of apartment No. 30-H at 10 West 66th Street, which it maintains for the use of its directors, officers and guests. The building was owned by Park Ten Associates (Park Ten) and is rent stabilized. Con Ed’s lease, entered into in July, 1970, has been extended several times, the most recent extension having been signed by Park Ten and Con Ed on September 9, 1979, two months before Park Ten filed its preliminary plan for conversion of the building to co-operative ownership. The plan as finally accepted for filing acknowledged that all 279 apartments in the building were subject to the Rent Stabilization Law, and defendants concede that Con Ed is the tenant in occupancy of a rent-stabilized apartment. The plan limited the offering of shares in 10 West 66th Street Corporation, the co-operative corporation to which ownership of the building has been transferred, to “individuals * * * for such individual’s own account and his personal occupancy of his apartment” and restated that limitation as a representation in the accompanying subscription agreement form, but also stated that “[e]ach tenant in occupancy * * * will have an exclusive right * * * to purchase his apartment.”
After approval of the plan by the Attorney-General it was presented to the tenants, including Con Ed. Within the permitted time Con Ed submitted a subscription agreement executed by Aaron Sadove, together with a form authorizing Sadove to purchase as the designee of Con Ed, and a letter from Sadove stating his contention that the representation in the subscription agreement was inapplicable and of no force or effect in relation to a subscription by an individual on behalf of a corporation. After Park Ten rejected the subscription, Con Ed began the present action *346 for judgment requiring Park Ten and the co-operative corporation to complete the subscription agreement and perform pursuant to the plan. Con Ed having moved and defendants having cross-moved for summary judgment, Special Term granted Con Ed’s motion and denied defendants’ cross motion. The Appellate Division, two Justices dissenting, reversed, holding that a tenant who does not have capacity to compel renewal of its lease is not a bona fide tenant in occupancy. We now reverse and reinstate Special Term’s judgment.
Section 352-eeee (subd 2, par [d], cl [ix]) of the General Business Law provides that “tenants in occupancy on the date the attorney general accepts the plan [for conversion to co-operative or condominium ownership] for filing shall have the exclusive right to purchase their dwelling units or the shares allocated thereto”, and that provision is repeated in essence in section 61 (subd 4, par [b]) of the Rent Stabilization Code. The phrase “tenant in occupancy” is not defined in the General Business Law, the Rent Stabilization Law (Administrative Code of City of New York, tit YY) or the Rent Stabilization Code. The Special Term Justice looked to the City Rent and Rehabilitation Law (Administrative Code, tit Y) and finding in subdivision m of section Y51-3.0 of the Administrative Code a definition of “tenant” which includes a “person entitled to the possession” of the accommodation and in subdivision h a definition of “person” which includes a corporation, concluded that a corporation could qualify as a tenant in occupancy.
Although titles Y and YY of the Administrative Code can properly be read together as statutes in pari materia (McKinney’s Cons Laws of NY, Book 1, Statutes, § 221) there is additional and equally strong support for the conclusion reached by Special Term in section 8605 of McKinney’s Unconsolidated Laws (Local Emergency Housing Rent Control Act, § 5 [L 1962, ch 21, § 1, subd 5, as amd]). The final unnumbered paragraph of that section directs that “no local law or ordinance shall subject to such regulation and control any housing accommodation which is not occupied by the tenant in possession as his primary residence” but limits that direction by the proviso that “such housing accommodation not occupied by the tenant *347 in possession as his primary residence shall continue to be subject to regulation and control as provided for herein unless the city housing rent agency issues an order decontrolling such accommodation, which the agency shall do upon application by the landlord whenever it is established by any facts and circumstances which, in the judgment of the agency, may have a bearing upon the question of residence, that the tenant maintains his primary residence at some place other than at such housing accommodation.” (L 1971, ch 373, § 2.) On the basis of that provision we held in Wissner v 15 West 72nd St. Assoc. (58 NY2d 645, affg for reasons stated in opn at Appellate Division 87 AD2d 120) that a tenant to whom the landlord had granted three successive renewals was a Rent Stabilization Law tenant in possession entitled to purchase the shares allocated to her apartment, even though the landlord could have avoided that result by refusing a renewal lease pursuant to section 54 of the Rent Stabilization Code and seeking decontrol of the premises pursuant to section 8605 because not occupied as a primary residence. By a parity of reasoning, there being nothing in the applicable provisions that explicitly excludes a corporation from tenant in occupancy status, it follows that as the lessee of record on the critical offering date Con Ed had the exclusive right to purchase the shares allocated to apartment No. 30-H even though it would not have had that right had Park Ten succeeded, prior to presentation of its offering plan, in decontrolling the apartment and denying Con Ed a renewal lease on “primary residence” grounds. Nor in our view is it reasonable to conclude, as did the Appellate Division, that the landlord’s failure to follow that procedure and its voluntary renewal of Con Ed’s lease somehow detracts from the bona fides of Con Ed’s status as the “tenant in occupancy.”
Defendants argue, nevertheless, that the plan expressly limited purchase rights to individuals and points to section 61 (subd 4, par [a], cl [v]) of the Rent Stabilization Code as authority for that provision. They suggest, further, that such a provision is essential because section 216 of the Internal Revenue Code (US Code, tit 26) requires that all tenant shareholders of a co-operative corporation be individuals. The plan provision is, however, inconsistent with *348 the legislative direction that “tenants in occupancy on the date the attorney general accepts the plan for filing shall have the exclusive right to purchase their dwelling units or the shares allocated thereto” (General Business Law, § 352-eeee, subd 2, par [d], cl [ix]), which makes no distinction between individual and corporate tenants. Nor does the Rent Stabilization Code provision on which defendants rely help them, for it simply permits a sponsor to count toward the percentage requirement for acceptance of his plan an individual who purchases, with the approval of a corporate tenant in occupancy, the shares allocated to the corporate apartment. Without that provision such an individual purchaser could not be counted for that purpose, but nothing in it suggests an intention to proscribe the purchase by a corporate tenant in occupancy, against whom the sponsor has not seen fit prior to offering its plan to utilize the procedures provided for in section 8605 of McKinney’s Unconsolidated Laws, of the shares allocated to its apartment, or permits the sponsor to restrict the corporate tenant’s statute-given right to purchase (Payn v Lyras, 91 AD2d 557, app withdrawn 59 NY2d 970). Nor, finally, are possible Federal tax consequences under section 216 of the Internal Revenue Code determinative (Richards v Kaskel, 32 NY2d 524, 540).
For the foregoing reasons, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court reinstated.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Simons and Kaye concur.
Order reversed, with costs, and the judgment of Supreme Court, New York County, reinstated.