■ DAVID HODO et al., Respondents, v MICHAEL SERRECCHIA, Appellant, and 164 WEST 79TH STREET CORPORATION, Respondent, et al., Defendant. — Order, Supreme Court, New York County (L. Grossman, J.), dated June 7, 1983,

granting plaintiffs' motion for summary judgment and rescinding and reforming the contract of sale, is unanimously reversed, *in toto,* on the law, without costs, and plaintiffs' motion for summary judgment is denied. ¶ Order, Supreme Court, New York County (L. Grossman, J.), dated September 6, 1983, denying defendant Serrecchia's motion for various forms of relief is unanimously modified, on the law and in the exercise of discretion, to the extent of directing plaintiffs, as a condition of remaining in the apartment, to pay to defendant Serrecchia two thirds of the maintenance and carrying charges of the apartment, less credit for amounts paid, from February 1, 1982 and until further order of the court, said payments to be applied by defendant Serrecchia toward payment to the cooperative corporation of the charges applicable to the apartment, and all such payments to be without prejudice to the rights of the parties as between plaintiffs and defendant Serrecchia as may ultimately be determined, and the order is otherwise affirmed, without costs. ¶ Order, Supreme Court, New York County (I. Gammerman, J.), dated March 19, 1983, denying defendant Serrecchia's motion to add Briarwood Associates as a party defendant, is unanimously affirmed, without costs. ¶ Order, Supreme Court, New York County (E. R. Wolin, J.), dated April 6, 1983, denying defendant Serrecchia's motion for an order disqualifying plaintiffs' attorney, is unanimously affirmed, without costs. ¶ Upon the present record and briefs it is inappropriate, and indeed impossible, to grant any final relief including summary judgment to any party. The briefs contain conflicting statements of fact without record references. The record is confusing and the court has had difficulty and has frequently been unable to find statements under oath by parties having knowledge of the facts as to the relevant facts. It appears, however, not to be disputed that the subscription for the cooperative apartment stock was made in the name of defendant Serrecchia only; that the proprietary lease ran to him only; and that he alone made the payments for the original purchase of the apartment. These circumstances present obvious difficulties as to any contention that plaintiffs who were co-occupants are beneficially co-owners of the apartment. (Cf. *Foreman v Foreman,* 251 NY 237.) Special Term held that as rent-stabilized cotenants, plaintiffs could not waive their right under *Spitalnik v Springer* (59 NY2d 112) to jointly subscribe to the cooperative shares on conversion of that apartment, and that thus the subscription in the name of defendant Serrecchia alone was void and had to be reformed to include plaintiffs. Rent-stabilized tenants have, however, a right not to subscribe to cooperative apartment shares on conversion to cooperative ownership, and if they fail to do so within the required period, they effectively lose the right to do so. It was therefore error for Special Term to grant summary judgment in favor of plaintiffs. ¶ The record is not clear as to the arrangements under which plaintiffs have continued in occupancy in the apartment, or as to who was making what payments to whom for maintenance and carrying charges. However, it is clear that plaintiffs are in occupancy, and they should pay at least a fair share of such maintenance and carrying charges (or rent as the case may be). At a minimum, as an interim measure, plaintiffs should pay two thirds of such maintenance and charges; and as the cooperative corporation recognizes only defendant Serrecchia as the proprietary tenant, these payments should be paid to defendant Serrecchia for the purpose of making the appropriate payments to the cooperative corporation, and thus preserving the ownership of the apartment until a final determination can be made on the merits. ¶ Defendant Serrecchia failed to show adequate reason to require the addition of Briarwood Associates as a party defendant or to disqualify plaintiffs' attorneys. Concur — Kupferman, J. P., Ross, Asch, Silverman and Lynch, JJ.