■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS WHITEHEAD, Also Known as ALBERT HALL, Appellant. — Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered on September 11, 1981, affirmed. ¶ Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur — Kupferman, J. P., Sullivan, Carro, Silverman and Alexander, JJ.

■ In the Matter of HARRY SALVAN, Appellant, v JACK ROSENBERG et al., Respondents. — Order and judgment (one paper), Supreme Court, New York County (Dennis Edwards, Jr., J.), entered on or about October 7, 1983, unanimously affirmed, without costs and without disbursements. Pursuant to section 752 of the Judiciary Law, the court has reviewed the summary contempt adjudication. No opinion. Concur — Sandler, J. P., Asch, Silverman, Bloom and Kassal, JJ.

■ STATE OF NEW YORK et al., Respondents, v J. LEONARD SPODEK, Individually and Doing Business as INTER BORO MANAGEMENT CO., et al., Appellants. — Order and judgment (one paper), Supreme Court, New York County (Richard Price, J.), entered on January 12, 1983, and order of said court entered on August 18, 1983, unanimously affirmed, without costs and without disbursements. In affirming the order and judgment (one paper) so appealed from, we construe them as applicable only to apartments which are or should be rent stabilized, as conceded by petitioners' counsel on argument. No opinion. Concur — Sullivan, J. P., Silverman, Bloom, Fein and Milonas, JJ.

■ In the Matter of N-REN CORPORATION, Respondent, v NEW YORK CITY CONCILIATION AND APPEALS BOARD et al., Appellants. — Order and judgment (one paper) of the Supreme Court, New York County (Alfred M. Ascione, J.), entered on May 3, 1983, which granted the petition by N-Ren Corporation to the extent of vacating the determination by respondent and remanding the matter to the New York City Conciliation and Appeals Board for further proceedings not inconsistent with the court's memorandum opinion and further declaring that petitioner was a rent-stabilized tenant on July 30, 1981 protected by section 61 of the Code of the Rent Stabilization Association for New York City, Inc. (Rent Stabilization Code) and is thus entitled to the exclusive purchase rights under the subject cooperative conversion plan to rent-stabilized tenants then in occupancy, is modified, on the law, to the extent of dismissing as moot the petition insofar as it requests review and vacatur of the administrative proceeding, and otherwise affirmed, without costs or disbursements. ¶ The Court of Appeals held in *Consolidated Edison Co. v 10 West 66th St. Corp.* (61 NY2d 341) that a corporate tenant which is a tenant in occupancy under the Rent Stabilization Code on the date that a cooperative conversion plan is presented is entitled to purchase the shares allocated to its apartment regardless of whether or not the apartment is the "primary residence" of the corporation or any of its officers. Since petitioner was a tenant in occupancy on July 30, 1981 pursuant to the Rent Stabilization Code, it was entitled to the exclusive purchase rights under the subject cooperative conversion plan as applicable to rent-stabilized tenants. The determination by respondent, therefore, being academic, there is no purpose to be served by remanding this matter to the New York City Conciliation and Appeals Board, or its successor State agency, for further proceedings. Concur — Kupferman, J. P., Ross, Silverman, Milonas and Fein, JJ.