(February 27, 1986)

■ KEY LEASE CORPORATION, Respondent, v MANUFACTURERS HANOVER TRUST COMPANY, Appellant.—Appeal from order and judgment (one paper), of the Supreme Court, New York County (Francis N. Pecora, J.), entered June 19, 1985, which granted the petition of the petitioner Key Lease Company pursuant to CPLR article 52 and directed respondent Manufacturers Hanover Trust Company to deliver personal property held by it as collateral security on certain loans to the Sheriff of the City of New York for sale, is dismissed as academic, without costs. Order, Supreme Court, New York County (Francis N. Pecora, J.), entered August 9, 1985, which denied the motion of respondent Manufacturers Hanover Trust Company for reargument and renewal of the aforesaid order and judgment entered June 19, 1985 reversed, on the law, with costs, to grant renewal and, upon renewal, to vacate the order and judgment entered June 19, 1985, without prejudice to petitioner, if so advised, obtaining a levy by service under CPLR 5232 (a).

The essential facts are not in dispute. Between September 1982 and February 1983 the respondent-appellant Manufacturers Hanover Trust Company (MHT) loaned $5,893,178 to David Roth. Mr. Roth executed or guaranteed payment on nine demand notes, each of which was cross-collateralized by all of Roth's property held by MHT, consisting of shares of common stock, and shares and a proprietary lease in a cooperative apartment, then worth in total approximately $3 million.

On May 22, 1984, petitioner Key Lease Corporation (Key) obtained a judgment against Roth for $70,251. Sometime thereafter (the date is not shown in the record) the New York County Sheriff, at Key's behest, served MHT with an execution, with notice to garnishee, and sheriff's levy for the property of David Roth held by MHT. MHT advised the Sheriff by letter dated November 26, 1984 that the property in question was being held as collateral for Roth's obligations to the bank,

and that the value of the property was insufficient to satisfy Roth's obligations to the bank.

By notice of petition dated December 18, 1984, Key commenced a special proceeding in Supreme Court under CPLR article 52 seeking a judgment directing MHT to turn over to the New York County Sheriff for sale all of Roth's property held by MHT as collateral on the loans, and to have the Sheriff distribute the proceeds of such sale first to MHT to satisfy its security interest, with the remainder, if any, applied to satisfy Key's judgment. MHT opposed the petition by affidavits, listing the dates and terms of the nine demand notes showing principal and interest due of over $6 million, and asserting that the collateral held by MHT as security for the notes was currently valued at $3,782,689. MHT also urged that a turnover order and a forced sale of the collateral would be unwarranted and prejudicial to MHT under those circumstances since MHT would be unable to benefit from any future appreciation of the collateral (the apartment alone had appreciated in value by $675,000 in the prior two years) and Key would receive nothing from the forced sale because the market value of the collateral was between $2 and $3 million less than the amount then due on the loans.

Special Term found that MHT had failed to sufficiently demonstrate which loans were secured by which security, and entered an order and judgment directing that the collateral be delivered to the Sheriff for sale. MHT appealed and moved contemporaneously for reargument and renewal before Special Term, this time submitting, in addition to affidavits, copies of the demand notes showing that the notes were cross-collateralized and that the amount outstanding on the loans exceeded the value of the collateral pledged as security for those loans by approximately $3 million. By order entered August 9, 1985 Special Term denied reargument and renewal, and that order was appealed by MHT and consolidated with the appeal from the June 19, 1985 order and judgment.

We conclude that the motion for renewal should have been granted. Key's petition is governed by CPLR 5225 (b) which provides, insofar as here pertinent, that the court may enter a turnover order with respect to personal property not in possession of the judgment debtor "where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee". The record clearly demonstrates that the judgment debtor Roth is not presently entitled to the possession of the property here in question, and the

judgment creditor Key's rights to the property are not superior to MHT's possessory rights. Thus neither of the predicate conditions for a turnover order pursuant to CPLR 5225 (b) was established.

It is also relevant that CPLR 5232 (b) only permits a Sheriff to levy upon the interest of a judgment debtor in personal property capable of delivery by taking the property into his custody if he can do so "without interfering with the lawful possession of the pledgees and lessees." If the Sheriff were to have levied under CPLR 5232 (b) by taking physical custody of the stock held by MHT as collateral for the nine outstanding demand notes, that would have constituted a statutorily prohibited interference with MHT's lawful possession. *(Warner v Fourth Natl. Bank,* 115 NY 251; *Simpson v Jersey City Contr. Co.,* 165 NY 193; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5232.19; Siegel, NY Prac §§ 488, 496, 497.) There is some authority to suggest that Key would have been entitled in a turnover proceeding to reach Roth's interest in the collateral over and above the interest of MHT if such an interest existed, and might thus be entitled to a turnover of the excess of collateral over the balance due the bank *(see, Matter of Cohen v First Natl. City Bank,* 49 Misc 2d 141, 145 [NY City Civ Ct, per Fein, J.]). However, that question is not before us since Key has not contradicted or requested a hearing concerning MHT's assertion, supported by documentary evidence, that as of May 31, 1985 (immediately prior to MHT's motion for reargument and renewal) Roth's indebtedness to MHT, including interest, was $7,274,086, while the collateral pledged by Roth had a value of only $3,832,693.

Key has not disputed on this appeal the governing legal principles set forth above, but rather urges that the June 19, 1985 order and judgment was appropriately entered because MHT had failed in its answering pleading to sufficiently document which collateral applied to which loan, and, further, that the motion for renewal was in fact one for reargument and thus not appealable. We disagree.

While in retrospect MHT might have more fully protected itself by initially making a more complete submission in response to the petition, MHT could not have anticipated that Special Term would render a full summary judgment in petitioner Key's favor merely because copies of all the notes with their cross-collateralizing provisions were not submitted, but were instead identified and summarized in legal effect by MHT's vice-president and counsel. *(See, Matter of Annis v New York City Tr. Auth.,* 108 AD2d 643, 645; *ESA v New York*

*Prop. Ins. Underwriting Assn.,* 89 AD2d 865.) To the extent that MHT's original submission may not have adequately demonstrated that all the Roth shares were held as collateral for all the notes, MHT might reasonably have assumed that Special Term would direct submission of additional documentation to fill in any factual gaps (CPLR 409) or would direct a trial of any disputed factual issue pursuant to CPLR 410. Inasmuch as Special Term's August 9, 1985 order denied renewal and is thus appealable, and since we are reversing that order for the reasons stated earlier in this memorandum, MHT's appeal from the order and judgment entered June 19, 1985 may be dismissed as academic. *(Firedoor Corp. v Reliance Elec. Co.,* 56 AD2d 523.)

Our determination to reverse the order and judgment directing physical seizure of the collateral by the Sheriff under CPLR 5232 (b) is without prejudice to Key's obtaining, if so advised, a levy on Roth's interest in the collateral by service under CPLR 5232 (a) if this has not already been accomplished. (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5232.08; Siegel, NY Prac §§ 496, 497.) Concur—Murphy, P. J., Sandler, Fein, Milonas and Ellerin, JJ.