OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and judgment awarded to defendant-appellant declaring that plaintiff and defendant-appellant are cotenants with equal rights to subscribe to purchase the shares allocated to the subject apartment.
The plaintiff, Diana P. Manolovici, and the defendant, C. Gerard Manolovici, were cosignatories to a residential lease to apartment 9A at 136 East 64th Street in New York City, a three-bedroom, rent-stabilized apartment, that served as the couple’s marital home before their divorce. During the term of the lease, a cooperative conversion plan was accepted for filing by the Attorney-General, which afforded the "tenant in occupancy” on September 6, 1979, the right to purchase the Manolovici apartment at the favorable insider’s price of some $130,000. At the time the plan became effective the Manolovicis were in the midst of divorce litigation. Mr. Manolovici was supporting the family, but was voluntarily residing elsewhere and Ms. Manolovici was living in the apartment with the couple’s two children. The parties had no legally binding agreement as to who was entitled to possession of the apartment, and their subsequent judgment of divorce addressed neither the issue of possessory rights nor the question of who was entitled to purchase the apartment.
*787 In the present action, both parties sought a declaration of their rights to subscribe to the shares in the apartment, with Ms. Manolovici claiming that she had the exclusive right to purchase and Mr. Manolovici contending that as tenants in common they were both entitled to subscribe to the stock and proprietary lease allocable to the apartment as coequal joint purchasers.
The "critical date” for determining whether an interested party is a "tenant in occupancy” entitled to participate in a cooperative conversion is the date the offering plan is accepted for filing by the Attorney-General (see, General Business Law § 352-eeee [2] [d] [ix]; Rent Stabilization Law [Administrative Code of City of New York] § YY51-6.0 [c] [9-a] [now § 26-511 (c) (9-a)]; Code of the Rent Stabilization Association of New York City, Inc. § 61 [4] [b] [Rent Stabilization Code]; De Kovessey v Coronet Props. Co., 69 NY2d 448; Consolidated Edison Co. v 10 W. 66th St. Corp., 61 NY2d 341; Wissner v 15 W. 72nd St. Assocs., 58 NY2d 645, affg 87 AD2d 120). Unfortunately the term "tenant in occupancy” is not defined in the applicable statutes (Consolidated Edison Co. v 10 W. 66th St. Corp., supra). However, we agree with the trial court that Mr. Manolovici maintained a sufficient nexus with the apartment as of the critical date to qualify as a tenant in occupancy entitled to participate on an equal basis with Ms. Manolovici in purchasing the apartment.
This court has recognized that a tenant of record may qualify as a "tenant in occupancy” of a rent-stabilized apartment without actually using the apartment as his primary residence (Burns v 500 E. 83rd St. Corp., 59 NY2d 784; Spitalnik v Springer, 59 NY2d 112, modfg 87 AD2d 797; Wissner v 15 W. 72nd St. Assoc., 58 NY2d 645, supra; Ian v Wassberg, 55 NY2d 706; cf., Consolidated Edison Co. v 10 W. 66th St. Corp., 61 NY2d 341, supra [corporation held to be tenant in occupancy]). Indeed, the Rent Stabilization Code permitted tenants of record of vacant or sublet apartments to claim tenant in occupancy status, thereby recognizing that under some circumstances, a lessee of record need not be in actual occupancy to participate in a cooperative conversion.
We find determinative here the fact that Mr. Manolovici retained a sufficient connection to the apartment so as to qualify as a tenant in occupancy. Regardless of any informal agreement the parties may have had regarding possessory rights, Mr. Manolovici retained the legal right to occupy the *788 apartment. He maintained his landlord-tenant relationship as of the date the plan was accepted for filing. Further, neither party asserted the right to possess or purchase the apartment in the divorce proceedings. Thus, on the "critical date” of the plan, both parties had an equal right of possession and both cotenants were using the former marital residence for the purpose of raising and sheltering their family. Under these circumstances, we find that Mr. Manolovici was a "tenant in occupancy” entitled to purchase the subject apartment on a coequal joint basis with his cotenant.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
Order reversed, etc.