(November 1, 1988)

■ ANDREW LACK, Respondent, v DAVEN REALTY CORP. et al., Appellants.—Order of the Supreme Court, New York County (Andrew Tyler, J.), entered on March 22, 1988, which, *inter alia,* granted plaintiff-respondent's motion for reargument, and upon reargument, granted respondent's motion for summary judgment, unanimously modified, on the law, to the extent of denying the motion for summary judgment, granting leave to amend the complaint to add the proposed fourth and fifth causes of action, and reinstating the bond of $5,000, and otherwise affirmed, and the matter is remanded, without costs.

In this action, plaintiff-respondent Andrew Lack seeks declaratory and injunctive relief with respect to his claim of entitlement to purchase the shares allocated to apartment 4A of 68 East 86th Street, at the insider price pursuant to a noneviction plan approved by the Attorney-General. The principal factual issue is whether respondent is the tenant in occupancy of apartment 4A within the meaning of General Business Law § 352-eeee. It is conceded that respondent has never physically occupied the apartment, but according to the complaint, respondent is the assignee of the tenant of record of the apartment, and has not taken actual occupancy due to the alleged failure of the sponsor to complete promised renovations converting apartments 4A and 4B into one and notifying respondent of the completion.

Respondent alleges that in August of 1984, he spoke with Howard Katz, an agent of the sponsor, defendant-appellant Daven Realty Corp., about the possibility of moving into a larger apartment in the building. Respondent resides in apartment 8A and has since purchased the shares allocated to apartment 8A. According to respondent, Katz informed him that the two apartments on the fourth floor would be available but could only be rented as one apartment and that Lack could not rent them directly but would have to procure a third person to sign the lease and then have the lease assigned to him. According to respondent, Katz informed him that this procedure was necessary in order to count the fourth-floor apartments toward effectiveness of the contemplated cooperative conversion. Respondent claims to have followed Katz's instructions, procured a nominee by the name of Daniel Gerroll who executed the lease and immediately assigned it to respondent. Respondent also claims to have paid $24,000 toward rent and a disputed brokerage commission on

apartment 4A, but no rent has been paid since November of 1984. After the offering plan was accepted by the Attorney-General, the sponsor commenced a nonpayment proceeding in the Civil Court seeking two years of rent arrearages. The Civil Court dismissed the petition after trial on the ground that the obligation to pay rent had not commenced due to petitioner's failure to complete renovations and provide notice of completion to the tenant.

In the Supreme Court action, by order dated September 29, 1987, the IAS court denied plaintiff-respondent's motion for summary judgment. Shortly thereafter, the Court of Appeals decided *Manolovici v 136 E. 64th St. Assocs.* (70 NY2d 785). Plaintiff-respondent moved for reargument on the basis of *Manolovici,* and the IAS court awarded respondent summary judgment on reargument on the authority of that case. We disagree that the holding of *Manolovici* supports the relief awarded by the IAS court on the facts at bar. In that case, the court upheld the right of a former husband to purchase the shares to an apartment as a tenant in common with his ex-wife where the ex-husband did not actually reside in the apartment at the time of the acceptance of the plan by the Attorney-General, but was a cosignatory of the lease and had a legal right to possession of the apartment. At the time the plan was accepted, the parties were separated and there was no formal agreement as to who was entitled to possession of the apartment. The issue in that case as here was whether the plaintiff had a sufficient connection with the apartment to qualify as a tenant in occupancy within the meaning of General Business Law § 352-eeee. The Court of Appeals held that the existence of a valid landlord-tenant relationship and the fact that the plaintiff was utilizing the apartment to house his family constituted a sufficient connection to the apartment.

In the present case, the issue of sufficiency of connection to the apartment is less clear, and is in our view an open question. The unusual and contested circumstances of this case make summary judgment inappropriate. The circumstances surrounding the execution and assignment of the lease to apartment 4A are disputed. A trial will be necessary to determine whether respondent has a sufficient connection to apartment 4A. *(See, Manolovici v 136 E. 64th St. Assocs., supra; De Kovessey v Coronet Props. Co.,* 69 NY2d 448; *Consolidated Edison Co. v 10 W. 66th St. Corp.,* 61 NY2d 341.)

If, upon the trial of this action, respondent proves the allegations of the complaint and establishes a legally sufficient

connection to apartment 4A, the court in weighing the equities, including the apparent concealment by the sponsor of long-term vacancies, should fashion a remedy that affords respondent the benefit of his bargain, without the unjustifiable windfall of purchasing both the eighth- and fourth-floor apartments at the insider price. We express no opinion as to the merits of the action and hold only that summary judgment should not have been awarded. Concur—Murphy, P. J., Kupferman, Carro, Asch and Smith, JJ.