■ KATHLEEN B. DE ALMEIDA, Appellant, v HERMAN FINESOD et al., Respondents.—Order of the Supreme Court, New York County (Eugene Nardelli, J.), entered on or about May 4, 1989, which granted defendants-respondents', Herman Finesod, Jackie Resources, Inc., and Jackie Fine Arts, Inc., motion for leave to renew and reargue, and upon renewal/reargument, vacated the prior order of the court, entered November 7, 1988, *inter alia,* granting plaintiff partial summary judgment, and ordered that plaintiff's summary judgment motion and defendants' cross motion for summary judgment be denied, is unanimously affirmed, without costs.

Appeal from order of the same court entered November 7, 1988 is dismissed as superceded, without costs.

Plaintiff commenced this action for damages, declaratory and injunctive relief with respect to her claim of entitlement to possess, occupy and purchase cooperative shares of stock allocated to apartment 27L at 245 East 54th Street. Plaintiff asserts that in 1978 she was allowed to rent the subject apartment, but not directly, from the landlord. Plaintiff claims she was told she would have to procure a corporation to sign the lease before she could move in. Plaintiff then purportedly obtained the assistance of a family acquaintance, Herman Finesod, president of Jackie Resources, who executed the

lease, listing Jackie Resources as the lessee. At the time, Jackie Resources paid the security and first month's check, and executed all subsequent renewal leases even though plaintiff remained responsible for the rental payments. Additionally, Finesod executed a corporate resolution dated January 27, 1978, designating plaintiff as the "occupant" of the apartment. When the landlord announced its plans for the conversion of the premises, it accepted Finesod's subscription purchase agreement, as Jackie Resources' designee, for the cooperative shares.

Initially, plaintiff successfully obtained partial summary judgment against defendants Finesod, Jackie Resources and Jackie Fine Arts on her claim that she was the lawful "tenant in occupancy" within the meaning of General Business Law § 352-eeee. The court based its ruling, in part, upon the fact that Jackie Resources "never occupied the apartment, never paid rent or security, produced no evidence of any kind demonstrating any kind of need or use for the apartment". While the motion was still pending, however, defendants had informed the court about the existence of a 1978 security and first month's check which they had tendered for the apartment and of the Court of Appeals recent decision in *Manolovici v 136 E. 164th St. Assocs.* (70 NY2d 785). Defendants, however, were unable to produce the check. Thereafter, defendants successfully moved for reargument/renewal based upon the production of the first month's check and security as proof of a "sufficient nexus" to the apartment *(Manolovici v 136 E. 164th St. Assocs., supra).*

Generally a motion for leave to renew should be based on newly discovered facts *(Foley v Roche,* 68 AD2d 558), but this rule is not inflexible as the court has the discretion to grant renewal upon the basis of facts known to the moving party at the time of the original application. *(See, Blumstein v Menaldino,* 144 AD2d 412; *Key Lease Corp. v Manufacturers Hanover Trust Co.,* 117 AD2d 560; *Esa v New York Prop. Ins. Underwriting Assn.,* 89 AD2d 865.) Since the evidence put forth on the renewal motion bore upon the substance of the court's prior ruling, and defendants offered a valid reason for their lack of diligence in producing the document, the court did not abuse its discretion in granting the motion to vacate the original order. Moreover, the court acted properly in granting reargument based upon *Manolovici (supra),* which under these circumstances, posed a triable issue of fact as to whether defendants had a "sufficient nexus" with the apartment as to deem Jackie Resources a "tenant in occupancy." *(See, Lack v*

*Daven Realty Corp.,* 144 AD2d 236.) We express no opinion as to the merits of the action and hold only that the court properly vacated its prior order and properly denied summary judgment to the parties. Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.