■ MARK LIEBERMAN, as President of IMPERIAL HOUSE TENANTS ASSOCIATION, et al., Appellants, v HENRY NORMAN REALTY, Respondent, and ROBERT ABRAMS, Respondent.—In a hybrid action and a proceeding pursuant to CPLR article 78, *inter alia,* to set aside the cooperative conversion of a certain premises located at 250 North Village Avenue, Rockville Centre, New York, the plaintiffs-petitioners appeal from a judgment of the Supreme Court, Nassau County (Burke, J.), entered September 11, 1990, which, upon granting the motion of the defendant Henry Norman Realty to dismiss the petition

and the complaint and the motion of the respondent Robert Abrams to dismiss the petition, dismissed the complaint and petition.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendant Henry Norman Realty, is the owner of a three-story apartment building located at 250 North Village Avenue, Rockville Centre. The building contains 71 residential apartments. In February 1985, the defendant submitted a non-eviction plan, for filing with the Attorney-General pursuant to General Business Law § 352-eee, to convert the building to cooperative ownership. On October 31, 1985, the Attorney-General accepted the plan for filing.

General Business Law § 352-eee (1) (b) and (2) (c) (i) provide that a non-eviction plan may not be declared effective until: "at least fifteen percent of those bona fide tenants in occupancy of all dwelling units in the building * * * on the date the plan is declared effective shall have executed and delivered written agreements to purchase under the plan".

The defendant finally declared the plan effective on October 31, 1986. At that time, Leonard Socolov and Edith Solomon, who had signed subscription agreements to purchase apartments A-19 and B-24, respectively, had executed valid leases and were paying rent, but they were not actually residing in their apartments. The plaintiffs contend that, because Socolov and Solomon were not actually residing in their apartments on the date the plan was declared effective, they are not bona fide tenants in occupancy within the meaning of General Business Law § 352-eee.

We disagree. Although the term "tenant in occupancy" is not defined in the applicable statutes and regulations, it has been generally held that, for the purpose of purchasing the shares allocated to an apartment upon a cooperative conversion thereof, the "tenant in occupancy" is the tenant who has the paramount right to occupy the apartment in question, whether or not the tenant actually lives there (see, Manolovici v 136 E. 64th St. Assocs., 70 NY2d 785; Consolidated Edison Co. v 10 W. 66th St. Corp., 61 NY2d 341; Burns v 500 E. 83rd St. Corp., 59 NY2d 784; Wissner v 15 W. 72nd St. Assocs., 87 AD2d 120, affd 58 NY2d 645; Spitalnik v Springer, 87 AD2d 797, mod on other grounds 59 NY2d 112; Ian v Wassberg, 80 AD2d 505, affd 55 NY2d 706).

Here, the critical date for determining whether an inter-

ested party is a "tenant in occupancy" is the date the plan was declared effective, or October 31, 1986 (see, General Business Law § 352-eee [1] [b]; [2] [c] [i]). On that date, both Leonard Socolov and Edith Solomon held valid leases and were paying rent. The fact that they had not yet moved into their apartments is irrelevant. They had the legal right to occupy their apartments. Thus, they maintained a sufficient nexus with their apartments as of the critical date to qualify as tenants in occupancy (see, Manolovici v 136 E. 64th St. Assocs., supra). Moreover, there is no evidence in the record that Socolov and Solomon did not execute their purchase agreements in good faith since they did, eventually, move into their apartments.

In view of the foregoing, the Attorney-General's acceptance for filing of the fourth amendment to the plan declaring it effective was neither arbitrary, capricious nor an abuse of discretion (see, CPLR 7803 [3]).

The plaintiff's remaining contentions do not warrant a contrary result. Balletta, J. P., Lawrence, Miller and Copertino, JJ., concur.