■ JOCELYN PALESTRANT et al., Respondents, v EMILIO A. GARCIA et al., Appellants, et al., Defendant.—Order, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about July 2, 1992, which, *inter alia,* granted plaintiffs' motion to renew defendants' motions for summary judgment, and, upon renewal, vacated the prior order of the same court, entered October 16, 1991, granting summary judgment to defendants on condition that plaintiffs' attorneys pay $750 to defendant Garcia's attorney, unanimously modified, on the law, the facts and in the exercise of discretion to increase the amount of such fee to $5000, and otherwise affirmed, without costs.

In a medical malpractice action alleging defendants' failure to diagnose a malignancy known as Wilm's Tumor in the infant plaintiff's kidneys, defendants moved for summary judgment based on the affidavits of two medical experts, who opined that in view of the rarity of the tumor, its rapid growth, and the absence of any abdominal mass at the time of the child's physical examinations, neither defendant deviated from proper medical practice. Both experts also concluded that the child had bilateral tumors that grew simultaneously in the kidneys. In opposition, plaintiffs submitted the medical affidavit of a pathologist, who opined that defendants failed to either properly palpate the child's abdomen or interpret the result of the examinations.

The IAS Court granted defendants summary judgment, characterizing plaintiffs' medical affidavit as "woefully inadequate" for failing *inter alia,* to present evidence that the tumor was first present in one kidney and later spread to the other, or that the child's condition was an obvious one that could not have escaped detection. Plaintiffs then moved for "renewal and reargument", offering the deposition of the child's mother taken nearly four years earlier in which she testified to having told both defendants when she first brought the child to them, of a noticeable mass growing on the left side of the child's stomach. Also submitted was a second affidavit from plaintiff's medical expert, who asserted that such deposition testimony supported medical and surgical records indicating that defendants failed to either palpate the child's abdomen or interpret the result of the examinations. Plaintiffs' expert opined that had defendants timely diagnosed the tumor, the child's second kidney could have been saved.

Granting renewal, the IAS Court found that the mother's deposition raised an issue of fact as to the existence of an abdominal lump or mass, and that the second medical affidavit now set forth a factual basis for the medical opinions set forth in the first affidavit. However, the court, finding the omissions on the initial motions to be a "far cry from inadvertent" and the conduct of plaintiffs' attorneys "unacceptable", conditioned vacatur of the prior order upon payment by plaintiffs' attorneys of $750 to the attorneys for the defendant who had cross-moved for sanctions. No such award was made to the attorneys for the other defendant who had not cross-moved for sanctions.

The IAS Court properly exercised its discretion to grant renewal upon the basis of facts known to the moving party at the time of the original application *(De Almeida v Finesod,* 160 AD2d 491, 492). Although the court itself could have taken notice of the mother's deposition on the initial motions since a motion for summary judgment searches the record, plaintiffs' production of the document in the first instance would have allowed their medical expert to lay a proper foundation for his opinion and saved the resources of the court and opposing counsel. Thus, vacatur of the prior order should have been conditioned on payment of a sum greater than $750. We think $5000 more appropriate. Concur—Rosenberger, J. P., Ross, Asch and Kassal, JJ.