526 W. 174th St. Hous. Dev. Fund Corp. v De La Cruz-Santulli (2024 NY Slip Op 51628(U))

[*1]

526 W. 174th St. Hous. Dev. Fund Corp. v De La Cruz-Santulli

2024 NY Slip Op 51628(U)

Decided on December 3, 2024

Civil Court Of The City Of New York, New York County

Stoller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 3, 2024
Civil Court of the City of New York, New York County

526 West 174th Street Housing Development Fund Corporation, Petitioner,

against
Maritzel De La Cruz-Santulli, as Executor Of the Estate of Ana Gonzalez, and Maritzel Santulli, a/k/a Maritzel De La Cruz-Santulli, Respondents.

Index No. 305853/2022

For Petitioner: Jonathan Levy
For Respondent: Alan Levin

Jack Stoller, J.

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:
Pages numbered
Notice of Motion and Supplemental Affirmations Annexed 1, 2, 3
Upon the foregoing papers, the Decision and Order on this motion are as follows:
526 West 174th Street Housing Development Fund Corporation, the petitioner in this matter ("Petitioner"), commenced this holdover proceeding against Maritzel De La Cruz-Santulli, as Executor of the Estate of Ana Gonzalez and Maritzel De La Cruz-Santulli, a/k/a Maritzel Santulli ("Respondent"), the respondent in this matter, seeking possession of 526 West 174th Street, Apt. 8, New York, New York ("the subject premises") on an allegation, set forth in the predicate notice, that Respondent has no further right to occupy the subject premises as a representative of an estate of a deceased tenant whose lease has expired, and further on an allegation, set forth in the petition, that Respondent's license had been terminated. Respondent interposed an answer with defenses that Respondent is not a licensee and that a regulatory agreement precludes this cause of action.[FN1]
The matter was sent out to trial. Both parties stipulated to facts and made their submissions to the Court. The Court held a trial limited to the submission of an exhibit into evidence. Petitioner also now moves to add parties as respondents to this proceeding. The Court resolves both the trial and the motion by this order.
The trial record
The parties stipulated that the tenant of record of the subject premises had been Ana [*2]Gonzalez De La Cruz ("Decedent"); that Decedent died in November of 2021; that Respondent thereafter took possession of the subject premises as the executor of Decedent's estate; that Petitioner is the owner of the building in which the subject premises is located ("the Building"); that the Building contains more than six units and was built before 1974; that the Building is subject to an agreement with the City of New York; that Petitioner has registered the subject premises pursuant to MDL §325 and 9 N.Y.C.R.R. §2528.3; that Petitioner caused a ten-day notice to quit pursuant to RPAPL §713 to be served on Respondent; that Petitioner and Decedent executed a lease that purported to be a proprietary lease for the subject premises commencing on May 1, 2019 and expiring on May 30, 2080; that Petitioner issued what purported to be a stock certificate to Decedent on May 8, 2018; that the Building has not been converted to a residential cooperative corporation according to the procedures of GBL §352-eeee; and that Respondent is in possession of the subject premises.
Petitioner submitted into evidence what purports to be a fully-executed lease between Petitioner and Decedent pursuant to the Rent Stabilization Law that commenced on March 1, 2020 and expired on February 28, 2022.
Discussion
Petitioner makes an application in its post-trial memorandum to deem the petition amended to reflect that Petitioner is not seeking possession of the subject premises on an allegation of termination of a license but on the ground stated in the predicate notice, which does not use the word "license." Instead, the predicate notice states that, as a representative of an estate of a deceased tenant with an expired lease, Respondent has no more right to possession of the subject premises.
Petitioner's application underscores a problem with Petitioner's use of a ten-day notice to quit pursuant to RPAPL §713 rather than a notice terminating a tenancy. RPAPL §713 permits the commencement of a summary proceeding after a ten-day notice to quit "upon the following grounds": that a former owner remains in possession after a new owner has taken title, whether as a result of an execution, foreclosure, or conveyance; that an agreement to cultivate land for a share of crops has expired; that the occupant is a squatter or a licensee; that the occupant is a tenant of a life tenant whose estate has expired; or that a vendee defaulted on a contract of sale and remains in possession.[FN2]
None of these allowable provisions for a ten-day notice to quit apply to Respondent.
To be sure, to the extent that Respondent's possession of the subject premises takes on the nature of a tenancy, it is not a robust tenancy. The death of a tenant "fundamentally change[s]" a landlord-tenant relationship such that an estate's "successory entitlements" as such "were for winding-up purposes only and certainly entailed no right of 'occupancy' . . . after the end of the lease term." Rubinstein v. 160 W. End Owners Corp., 74 NY2d 443, 446 (1989), Carnegie Mgt. Co. v. Oppeheimer, 2001 NY Slip Op. 50070(U), *1-2 (App. Term 1st Dept. 2001). Accordingly, any potential possessory claim of an estate "lapses" upon the expiration of a decedent's lease. Ellis v. Disch, 17 Misc 3d 126(A)(App. Term 1st Dept. 2007).
Does the appellate court's use of the word "lapse" with regard to this kind of tenancy [*3]mean something different than "terminate," the usual term for the end of a tenancy? To put a finer point on it, does the "lapse" of a tenancy change Respondent from something tantamount to a tenant to something tantamount to a licensee that would justify service of a ten-day notice to quit? The Legislature's subsequent enactment of RPL §226-c appears to say no. RPL §226-c provides that, "[w]henever a landlord . . . does not intend to renew the tenancy, the landlord shall provide written notice as required in subdivision two of this section" (emphases added). The starting point in any case of statutory interpretation must always be the language itself, giving effect to the plain meaning thereof. Raynor v. Landmark Chrysler, 18 NY3d 48, 56 (2011). The plain read of this language demonstrates that every single time a landlord does not intend to renew a tenancy, the landlord must provide the kind of notice required in RPL §226-c, which is distinct from and greater than the notice RPAPL §713 requires.
Such a read of RPL §226-c tends to underscore that the characterization of the end of a tenancy as a "lapse" applied to a specialized circumstance, to wit, a consideration of whether a landlord must join a representative of an estate to a licensee holdover proceeding against remaining occupants. Ellis, supra, 17 Misc 3d at 126(A). The characterization did not mean that tenants turned into licensees at the expiration of the lease. Indeed, in dicta, the Court in Young v. Carruth, 89 AD2d 466, 469-70 (1st Dept. 1982), seemed to leave the door ajar to the proposition that a representative of an estate could continue to assert a possessory entitlement to a Rent-Stabilized apartment after the expiration of the lease. Accordingly, even before the enactment of RPL §226-c, landlords commenced holdover proceedings against representatives of estates on an allegation of termination of a tenancy upon an expiration of a lease. See, e.g., 245 Realty Assoc. v. Sussis, 243 AD2d 29 (1st Dept. 1998).
As Petitioner served a predicate notice that is appropriate for a licensee and not a predicate notice for a tenancy that terminated, Respondent's defense as such prevails. Accordingly, it is ordered that the Court dismisses this proceeding, without prejudice to the commencement of a new proceeding on a proper notice. It is further ordered that the Court denies Petitioner's motion to join other parties as moot, although without prejudice to a different proceeding. The Court reaches no other issue.
This constitutes the decision and order of this Court.
Dated: December 3, 2024
New York, New York
HON. JACK STOLLER, J.H.C.

Footnotes

Footnote 1:The Court granted Petitioner's motion to strike other defenses Respondent had interposed.

Footnote 2:RPAPL §713 also applies to two other causes of action, a lockout proceeding and an eviction of an occupant whose occupancy was incidental to their employment, but the statute exempts these causes of action from the requirement of service of a predicate notice.